**Ex parte Curtis VOELKEL.**

**No. 49573.**

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

**292**

George J. Parnham, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Sam Robertson and James C. Brough, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus in which the petitioner, an inmate of the Texas Department of Corrections, seeks to set aside an order cumulating sentences. The relief prayed for by petitioner was denied by the convicting court without a hearing for what that court perceived to be the failure of petitioner's application to state sworn facts which, if believed, would entitle him to relief.

The record reflects that petitioner was convicted in the 174th District Court of Harris County of embezzlement on October 18, 1971, in Cause No. 163672 and his punishment was assessed by the jury at four (4) years. This conviction was subsequently affirmed by this court. Voelkel v. State, 501 S.W.2d 313 (Tex.Cr.App. 1973). On April 1, 1974, the petitioner was again convicted in the same court of embezzlement in Cause Nos. 163673 and 163674, and the court assessed punishment at four (4) years in both cases. Sentences were imposed in both of these cases on April 23, 1974. No notice of appeal was given in either case. The next day, April 24, 1974, petitioner was returned to court from jail at which time the court "set aside" the sentence in Cause No. 163673

and ordered that the sentence not begin until the sentence in Cause No. 163672 had ceased to operate. The court further stated that he would let the sentence imposed on April 23 in Cause No. 163674 "stand."

■ Petitioner's contention is that the order of April 24, 1974, cumulating the sentences is invalid since he had already begun serving the sentence imposed the day before. Article 42.09, Vernon's Ann. C.C.P., provides that the sentence shall begin to run on the day the same is pronounced unless an appeal is taken.[1] In Ex parte Reynolds, 462 S.W.2d 605 (Tex.Cr. App.1970), we had occasion to discuss extensively the development of the rule which prohibits a court from adding a cumulation order onto a sentence already imposed after the petitioner has suffered punishment under the sentence as originally imposed. Such an attempted cumulation is null and void and is of no legal effect. *Reynolds,* supra. See also: Ex parte Brown, 477 S.W.2d 552 (Tex.Cr.App.1972).

■■ The State attempts to distinguish *Reynolds* and *Brown* on the basis of the facts of the present case. On April 1, 1974, when petitioner was convicted in the second and third embezzlement cases, the prosecutor announced that he would ask the court to cumulate the punishment in one of them. After sentences were imposed in each of these cases on April 23, 1974, the court stated that he understood that the sentences would begin as of April 1, 1974, but that he would consult with the prosecutor after lunch as to the precise date. Nothing was said about cumulating the sentences until the first sentence in Cause No. 163673 was "set aside" by the court the next day. Upon these facts we are not persuaded by the State's argument that the proceedings of April 23 and 24, 1974, constituted a single sentencing hearing. The plain language of Article 42.09, supra, and of *Reynolds* and *Brown* cannot

---

1. Such statute does not affect a properly cumulated sentence. Ex parte Sanderson, 152 Tex. Cr.R. 180, 212 S.W.2d 639 (1948).

be circumvented by attaching a caveat to the sentence as originally imposed.

For the reasons stated, the order of cumulation entered in Cause No. 163673 is set aside, and a copy of this opinion will be delivered to the Director of the Texas Department of Corrections.