**Jethro BULLOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00413–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 18, 1986.

Rehearing Denied March 10, 1986.

Lawrence B. Mitchell, Dallas, for appellant.

Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for the offense of aggravated rape for which the jury assessed a twenty-five year sentence in the Texas Department of Corrections. For the reasons below, we reform the judgment of the trial court and affirm the judgment as reformed.

Appellant alleges in his sole ground of error that the trial court erred in ordering that appellant's sentence run consecutively with the sentence in another cause in violation of TEX. CODE CRIM.PROC.ANN. art. 42.08 (Vernon Supp.1986).[1] We agree with appellant.

After the jury assessed punishment on April 2, 1985, the judge orally sentenced appellant and ordered that his sentence run concurrently with any other sentences appellant was serving. However, on April 16, 1985, after conducting a new sentencing hearing and noting that he had orally entered into the record that appellant's sentence should run concurrently, the judge determined that it was his intention that the sentence should run consecutively. The judge then signed a judgment ordering that the sentence run consecutively.

In *Ex parte Voelkel,* 517 S.W.2d 291, 292 (Tex.Crim.App.1975), the court of criminal appeals addressed a similar situation where the trial court entered a later order cumulating a sentence. The court held that a trial court may not add a cumulation order onto a sentence already imposed after the defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order was held to be null and void and of no legal effect. *Id.;* see also, Henson v. State, 638 S.W.2d 504, 506 (Tex.App.—Houston [1st Dist.] 1981, no pet.). Furthermore, the United States Supreme Court determined in *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1930), that in a criminal case, the judgment cannot be modified to increase punishment, even during the same term of the court, if the defend-

---

1. Article 42.08 vests the trial court with discretion to determine whether a sentence should run consecutively or concurrently, where the same defendant has been convicted in two or more causes resulting in confinement.

ant has commenced service of his imprisonment or paid his fine. The court based its ruling on the ground that:

> to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall be "subject for the same offense to be twice put in jeopardy."

*Id.*

The State contends that the written judgment of April 16, 1985, can be construed as a nunc pro tunc judgment correcting the oral sentencing order of April 2, 1985. We cannot agree.

The purpose of a nunc pro tunc judgment is to correct clerical errors and to make the record "speak the truth." *Ex parte Patterson*, 139 Tex.Cr.R. 489, 141 S.W.2d 319, 320 (1940). The correction can only be as to what was actually done at the time and *not what should have been done*. *Patterson*, 141 S.W.2d at 321 (emphasis added). Here, the judge orally pronounced that the sentence was to run concurrently. We hold that the trial court cannot later change the judgment to reflect what it "had intended to do," but did not do, where the defendant has already commenced service under the prior sentencing order.

We reform the judgment of the trial court to reflect that the sentence shall run concurrently with any other sentences appellant is now serving. We affirm the judgment of the trial court as reformed.