**Sidney James ROMERO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–85–242 CR.**

Court of Appeals of Texas, Beaumont.

June 25, 1986.

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

### OPINION

BURGESS, Justice.

Sidney James Romero was indicted for Aggravated Assault. On July 2, 1985, jury selection began and shortly after, appellant announced he wished to waive trial by jury. The trial judge interrogated appellant about his waiver and then released the jury panel. Thereafter, appellant plead "Not Guilty" to the court. After hearing evidence the court found appellant guilty. The court conducted the punishment phase immediately and neither side produced any evidence. The court then sentenced appellant to two years in the Texas Department of Corrections, probated for five years. A judgment was entered to this effect. No appeal was taken from this judgment.

On October 10, 1985, the court conducted a hearing after it discovered appellant had not signed a copy of the terms and conditions of probation that had been entered on July 2. There was an extended exchange between the court and appellant concerning the appellant not signing the document, whether or not the defendant wanted the probation, etc.. Finally the exchange concluded in the following manner:

"THE COURT: Listen to me. That's been determined. Do you want to be on probation? If you do, you'll sign the receipt for that probation, and do you understand the terms and so forth, so we don't have any problem. Or else you can serve your time in the penitentiary. I'm —I don't care. I thought that we were doing you a favor by putting you on probation, but probably we're not. I don't think that you are the sort that needs to go to the penitentiary, but apparently you are. You've got one minute to decide.

"THE DEFENDANT: Mr. DeLee and I never have discussed my appeal.

"THE COURT: You've got one minute to decide whether you want to be on probation or not. The time is running. Whenever the time runs out—

"THE DEFENDANT: It's not for me to decide, Your Honor.

"THE COURT: Sir?

"THE DEFENDANT: It's not for me to decide.

"THE COURT: I've decided. You can have it if you want to sign the receipt for it. If you don't want to sign the receipt for it, that you understand the terms, then you can go to the penitentiary where they will teach you the terms of it.

Okay. Mr. Rodgers, take Mr. Romero to jail.

(WHEREUPON THERE IS A BREAK IN THE PROCEEDINGS, AFTER WHICH THE PROCEEDINGS RESUME AS FOLLOWS, TO-WIT, AND MR. BRUCE HOFFER HAS ENTERED THE COURTROOM FOR THE PROCEEDINGS)

"THE COURT: Court calls 45,505 in The State of Texas vs. Sidney Romero.

The record will reflect that the Assistant District Attorney is here, Mr. Romero is here with his attorney, Mr. Delee.

Mr. Romero, you refusing to sign the probation order which the Court has previously placed you on if you would sign it now vacates that order and sentences you to two years in the penitentiary, and advises you that you have 15 days in which to—for filing your notice of appeal.

All right, sir.

"THE DEFENDANT: Thank you, Your Honor."

As a result of that hearing, a new judgment was entered sentencing appellant to

two years in the Texas Department of Corrections. Appellant brings forth three grounds of error. We will consider these in reverse order.

■ Ground of error number three complains the trial court erred in re-sentencing appellant when the court had originally granted probation and no motion to revoke probation was filed. *TEX. CODE CRIM. PROC.ANN. art. 42.12, sec. 6* (Vernon Supp.1986), simply requires the clerk of the court to deliver a copy of the terms and conditions of probation to the appellant, there is no requirement that a defendant sign the document to either signify receipt or acceptance. When appellant gave no notice of appeal, he accepted his sentence. *Ex Parte Reynolds*, 462 S.W.2d 605 (Tex. Crim.App.1970), reaffirmed the rule stated in *Powell v. State*, 124 Tex.Crim. 513, 63 S.W.2d 712 (1933) which states:

"... Regarding such power after the sentence has gone into operation, the general rule is set forth in the notes in 44 A.L.R. (Annotated) at page 1203, as follows: 'It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force.'"

After sentence was first imposed on appellant, the trial court was without power to vacate that sentence and order a new sentence. Such attempted resentencing was null and void and of no legal effect. *Tooke v. State*, 642 S.W.2d 514 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Appellant's third ground of error is sustained. That judgment sentencing appellant to two years in the Texas Department of Corrections is null and void.

■ Appellant's second ground of error challenges the sufficiency of the evidence in that the use of a deadly weapon was not proved. Appellant was indicted for threatening imminent bodily injury by the use of a deadly weapon, namely a knife, that in the manner and means of its use and intended use was capable of causing serious bodily injury or death.

The knife used in the affray was not recovered by the police, therefore, the trial court was forced to rely totally on verbal descriptions of the knife. All of the state's witnesses described the knife and one witness demonstrated the length of the knife's blade on a ruler. Unfortunately, the state's attorney did not ask the witness to then recite the length into the record. Each of the state's witnesses also stated that appellant was holding the knife and exhibiting the knife in a manner consistent with stabbing or cutting. Further, there was testimony that appellant made verbal threats about cutting the complainant. It is quite true that a knife is not a deadly weapon per se. *Limuel v. State*, 568 S.W.2d 309 (Tex.Crim.App.1978). However, words spoken by an assailant may be considered in determining the knife's deadly character. *Williams v. State*, 575 S.W.2d 30 (Tex.Crim.App.1979). In reviewing the evidence in a light most favorable to the verdict, *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984), we find the evidence sufficient to find the use of a deadly weapon. Ground of error number two is overruled.

■ The first ground of error alleges the trial court erred in proceeding to trial without a jury when the defendant had not signed a written waiver of trial by jury. *TEX. CODE CRIM.PROC.ANN. art. 1.13* (Vernon 1977), allows a defendant to waive trial by jury, but states the waiver must be in writing and signed by the defendant, his attorney, the attorney for the state and be approved by the court. Here, the defendant made an oral waiver, but there is no evidence of a written waiver. After some consternation on the subject, our highest criminal court has reestablished the rule that in cases of this type, absent an affirmative showing to the contrary, the presumption of regularity of the judgment controls. *Vega v. State*, 707 S.W.2d 557 (Tex.Crim.App.1986) (Opinion on State's

Motion for Rehearing). This is to say, a defendant must make an affirmative showing that he did not execute a written waiver of trial by jury by bill of exception or objection to the record.

This case is significantly different however. The judgment of July 2, 1985, does not reflect that appellant waived his right of trial by jury in writing. It reflects the contrary. A standard form or preprinted judgment was used which ordinarily reads:

"... The Defendant, having waived the right of trial by jury in person and in writing in open court (such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court, and such waiver being with the written consent and approval of the District Attorney and filed in the papers of this case)...."

The judgment in issue reads:

"... The Defendant, having waived the right of trial by jury in person and XXXXXXXXXXX in open court XXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXX and approval of the District Attorney XXXXXXXXXXX...."

It is obvious (and readable) that the portion concerning a written waiver was "x-ed" out. Therefore, the judgment carries no such presumption. Consequently, the record is silent as to a written waiver of trial by jury and the waiver cannot be presumed on direct appeal. *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983). Ground of error number one is sustained. The judgment of the trial court is reversed. The cause is remanded.

REVERSED AND REMANDED.