The STATE of Texas, Appellant,

v.

Bernard Vince EVANS, Appellee.

No. 10–91–015–CR.

Court of Appeals of Texas, Waco.

Oct. 9, 1991.

Discretionary Review Granted Jan. 15, 1992.

Bill R. Turner, Dist. Atty., Margaret Lalk, Asst. Dist. Atty., Bryan, for appellant.

K. Ming Roschke, College Station, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Evans entered into a plea agreement with the State and pled "no contest" to the felony offense of aggravated assault on a peace officer. *See* TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1991). The agreement was approved by the court, and Evans was sentenced to eight years in prison, the recommended punishment. Five days later, Evans filed a "Motion to Withdraw Plea of Nolo Contendere." The court held a hearing, granted the motion, and vacated the judgment and sentence. The State appealed. Because we hold that the court erred in granting Evan's motion, the original judgment and sentence will be reinstated.

The statutory, evidentiary, and procedural law governing bench trials upon a plea of guilty has evolved on the basis of different policy considerations from those involved in a jury trial. *Fairfield v. State*, 610 S.W.2d 771, 778 n. 11 (Tex.Crim.App. [Panel Op.] 1981).

■ Where a plea is entered before the court, a defendant may withdraw his plea at any time before the court pronounces judgment or takes the matter under advisement. *DeVary v. State*, 615 S.W.2d 739, 740 (Tex.Crim.App. [Panel Op.] 1981); *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim.App. [Panel Op.] 1979).

■ After judgment is pronounced or the matter is taken under advisement, a defendant may withdraw his plea only with the consent of the court; the court may, in the exercise of sound discretion, refuse. *Id.*

■ Article 42.02 specifies that the "sentence" is "that part of the judgment, or order revoking a probated sentence, that orders the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM.PROC.ANN. art. 42.02 (Vernon Supp.1991). A felony sentence must be pronounced in the presence of the defendant. *Id.* at art. 42.03. The sentence begins to run on the day it is pronounced in the absence of an appeal. *Id.* at art. 42.09 § 1. The court may, in a proper case, "suspend the imposition of the sentence and place the defendant on probation...." *Id.* at art. 42.12 § 3. The statute specifically provides that, if the court grants probation, the defendant "shall be under the supervision of [the] court." *Id.* If deferred adjudication is ordered, all proceedings are deferred while the defendant is on probation. *Id.* at art. 42.12 § 5.

It is well settled that a court may at any time enter a judgment and sentence, or make *clerical* corrections in a judgment and sentence, nunc pro tunc. *Alverez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980); TEX.R.APP.P. 36. "It is a general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in the exercise of that power, [it] may at the same term of court,[1] correct, modify or set them aside." *Williams v. State*, 145 Tex.Cr. 536, 170 S.W.2d 482, 486 (1943). "An exception to the general rule, however, is recognized when the accused has accepted the judgment and has performed a part thereof, or has suffered some punishment as a result thereof, *in which event the court is powerless to change the judgment in any substantial respect.*" *Id.* (emphasis added). So, the power of a court is limited after the sentence is imposed or suspended. For example, an attempt to cumulate sentences after a defendant has begun serving the first sentence is void. *Ex parte Voelkel*, 517 S.W.2d 291, 292–93 (Tex.Crim.App. 1975). An attempt to resentence a defendant to take an enhancement paragraph into account is void. *Tooke v. State*, 642 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

The Rules of Appellate Procedure authorize only two post-sentence actions, other than an appeal, by which a defendant may return to pre-judgment status—a motion for new trial and a motion in arrest of judgment. TEX.R.APP.P. 30, 33. Thus, a defendant may, within thirty days after sentence is imposed or suspended, move for a new trial or to arrest the judgment by stating grounds specified in Rules 30 and 33 of the Rules of Appellate Procedure. *Id.*

Evans's motion, entitled a "Motion to Withdraw Plea of Nolo Contendere," was either a nullity, a motion for new trial, or a motion in arrest of judgment. We will consider it as both a motion for new trial and a motion in arrest of the judgment.

See *Spivey v. State*, 140 Tex.Cr. 107, 143 S.W.2d 386, 387 (1940); *Sterling v. State*, 791 S.W.2d 274, 276 (Tex.App.—Corpus Christi 1990, pet. ref'd). The motion states only that he had reconsidered and would like a jury trial, that he understood the risk of losing at trial, and that he realized he might be sentenced to more than eight years. Thus, he neither asserted nor proved grounds which authorized the court to either grant a new trial or arrest the judgment. *See Williams*, 170 S.W.2d at 486; TEX.R.APP.P. 30, 33.

Because Evans's motion was, in effect, a motion for new trial or to arrest judgment which was granted by the court, the State had the right to appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2), (3) (Vernon Supp.1991). We distinguish the court's action on Evans's motion, which came after sentence was imposed, from cases where defendants were allowed to withdraw pleas after the judgment was entered but before sentence was pronounced. *See Wilson v. State*, 698 S.W.2d 145 (Tex.Crim.App.1985); *Parker v. State*, 626 S.W.2d 738 (Tex.Crim.App. [Panel Op.] 1981).

Evans cites the provisions of article 42.12, section 23, as authority for the proposition that "the legislature has not intended to terminate a trial court's authority to grant a defendant's motion to withdraw a plea immediately after sentencing." *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 23 (Vernon Supp.1991). We disagree. If probation is granted, the "imposition" of the sentence is suspended during the period of probation. *Id.* at art. 42.12 § 3 (Vernon Supp.1991). Consequently, the court retains supervision of the defendant until a discharge or a revocation is ordered. *Id.*

We are also mindful of section 3e(a) of article 42.12 of the Code of Criminal Procedure, which states, in part:

> *For purposes of this section*, the jurisdiction of the courts in this state in which a sentence requiring confinement in the

---

1. See *Ex parte Williams*, 704 S.W.2d 773, 787–89 (Tex.Crim.App.1986) (Teague, J. dissenting) (discussion by Judge Teague of the history and application of the concept of "terms of court.")

Texas Department of [Criminal Justice] is imposed for conviction of a felony shall continue for 120 days from the date the execution of the sentence actually begins.

*Id.* at art. 42.12, § 3e(a) (Vernon 1979) (emphasis added). The sole purpose of this provision is to allow the court to retain jurisdiction after the sentence is imposed for the specific and limited purpose of ordering "shock" probation. This provision has no applicability in this case.

The order setting aside the judgment and sentence is vacated, the original judgment and sentence assessing Evans eight years in prison are reinstated, and the cause is remanded to the trial court for execution of the sentence.