The STATE of Texas, Appellant,

v.

Michael Wayne DICKERSON, Appellee.

No. 01–92–00350–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 21, 1993.

Renato Santos, Jr., Mejia & Santos, Houston, for appellant.

John B. Holmes, Timothy G. Taft, Larry McDougal, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN, O'CONNOR, ANDELL, DUNN, MIRABAL, WILSON and HEDGES, JJ.

## OPINION

DUGGAN, Justice.

The State has filed a motion for rehearing in this case. We deny the motion, but withdraw our initial opinion of August 12, 1993, and substitute this one in its stead.

Before an opinion issued in this case, the justices of this Court voted to consider the case en banc. No further oral argument was heard. All nine Justices participated in the decision.

The State appeals from the trial court's imposition of a two-year sentence on appellee for the felony offense of theft. We reform the judgment, and, as reformed, affirm.

A jury found appellee guilty of theft. Although the value of the property appropriated in the primary offense was less than $750 in value, the primary offense was a third degree felony, because the jury found that appellee had been twice previously convicted of theft. *See* TEX.PENAL CODE ANN. § 31.-03(e)(4)(E) (Vernon Supp.1993). Because appellee did not elect jury punishment, the trial court proceeded to conduct the punishment hearing. When the enhancement portion of the indictment was presented, appellee pled "not true" to the two enhancement paragraphs, thereby placing on the State the burden of proving one or more of the en-

hancement allegations in the indictment in order to secure enhanced punishment for a recidivist.[1]

After the court heard evidence consisting solely of the State's enhancement proof, both sides rested, and appellee's counsel gave a brief argument. The following then transpired:

The court: All right. Michael Wayne Dickerson, would you stand up?

The jury has found you guilty in Cause No. 602266. The Court will sentence you to two years confinement in the Institutional Division of the Texas Department of Criminal Justice. Do you have anything to say why sentence of law should not be now pronounced against you?

Appellee: No, sir.

The court: You having nothing to say, it is the order of this court that you, Michael Wayne Dickerson, having been adjudged guilty of the offense of theft, an enhanced felony in the third degree, in Cause No. 602260 your punishment is assessed at two years in the Texas Department of Criminal Justice for a period of two years, be delivered to the sheriff of Harris County, Texas to the Texas Institutional Division of the Texas Department of Criminal Justice or any other person legally authorized to receive such convicts where you shall be confined for a term of two years to the laws governing that department. You are hereby remanded to the sheriff until he can obey and carry out the instructions of this sentence.

. . . . .

All right, Mr. Bailiff.

The prosecutor: Did you not find the enhancements true?

The court: As enhanced?

The prosecutor: And you assessed him to two years?

The court: Yes, sir.

The prosecutor: He's a habitual which makes it a minimum of 25.

The court: Well, that was a mistake then. I'm glad you called my attention to it. Come back up here. Mr. Dickerson, I have to retract the sentence that I have given here.

The Court hereby finds the enhancements are true and sentences you to 25 years in the Institutional Division of the Texas Department of Corrections. Do you have anything to say why sentence of law should not be pronounced against you?

Appellee: No.

The court: Having nothing to say, it's the order of this Court that you, Michael Wayne Dickerson, having been adjudged guilty of the offense of theft, a felony as enhanced as a habitual, in Cause No. 602266, punishment is assessed at confinement for a period of 25 years, be delivered to the Sheriff of Harris County, Texas, or to the Director of the Institutional Division of the Texas Department of Criminal Justice or any other person legally authorized to receive such convicts where you shall be confined to said department for a term of 25 years in accordance with the laws governing the Institutional Division of the Texas Department of Criminal Justice. You are hereby remanded to the sheriff and the bailiff until he can carry out the instructions of this sentence.

Appellee's trial counsel: Your Honor, at this time my client has asked me to inform the Court he'd like to give notice of appeal.

Appellee then filed what he styled a "motion for new trial." In his motion, appellee complained only of the court's "resentencing" of him to 25–years confinement. He prayed that "the court ... grant this motion and order that the judgment be corrected to reflect the court's original sentence of 2 years." At the motion hearing, the trial court heard evidence that "[n]ot even a minute" elapsed between the court's sentencing appellee to two years and the prosecutor's making his inquiry, "Did you not find the enhancements true?"

---

1. The two enhancement paragraphs alleged previous convictions for the felony offense of credit card abuse and the felony offense of unauthorized use of a motor vehicle.

The trial court granted appellee's motion.[2] The court's order stated that "the judgment and sentence entered in this cause [is] modified to read that defendant was assessed a punishment of two (2) years." It is from the granting of appellee's motion that the State appeals.

In its first point of error, the State contends that the trial court erred in granting appellee's motion and thereby "reforming the sentence from twenty-five years to two years" because the court "had the authority to correct an error in the assessment of punishment prior to the defendant beginning to serve his sentence."

■ *Tooke v. State,* 642 S.W.2d 514 (Tex. App.—Houston [14th Dist.] 1982, no pet.), is a case on point. There, a jury found the defendant guilty of murder. *Id.* at 516. The trial court sentenced the defendant to confinement "for not less than 5 years nor more than 50 years." *Id.* The defendant accepted the sentence.[3] *Id.* Then the court, "realizing that he mistakenly omitted to consider the enhancement paragraph of the indictment, resentenced" the defendant to confinement "for not less than 15 years nor more than 50 years." *Id.*

The court of appeals held as follows:

After sentence was first imposed on appellant, the trial court was without power to set aside that sentence and order a new sentence. Such attempted resentencing was null and void and of no legal effect. The original sentence was a valid and proper sentence. The court's failure to consider the enhancement paragraph of the indictment prior to first sentencing appellant should not enlarge the court's power over the case once sentence has been accepted ... Finding the second sentence to be void and of no legal effect, the sentence first imposed on appellant will stand.

*Id.* at 518 (citations omitted).

■ Here, the original sentence of two years was a valid and proper sentence. *See*

TEX.PENAL CODE ANN. § 12.34 (Vernon Supp. 1993). Further, appellee accepted the original sentence. Under these facts, as did the court in *Tooke,* we hold that the "attempted resentencing" in this case was null and void, and the trial court therefore did not err in granting appellee's motion and restoring the original sentence of two-years confinement.

The dissent characterizes the issue in this appeal as *an error in sentencing,* which it argues should be eligible for correction by the trial court as long as the defendant "has not already begun to perform or serve the original sentence[.]" No "sentencing error" occurred here. The trial court correctly *sentenced* appellee; there is no dispute that, without finding at least one of the two enhancement paragraphs to be true, two years was a statutorily allowable punishment. *See* TEX.PENAL CODE ANN. § 12.34 (Vernon Supp. 1993).

Admittedly, the State's punishment phase evidence for enhancement (pen packets and fingerprint evidence connecting appellee to the pen packets) was uncontroverted; nevertheless, the trial court was not *bound* to accept the State's proof. While it is obvious from the post-sentencing dialogue between the trial court and the prosecutor that the trial court *meant* to find the enhancement paragraphs true, three things occurred before it did so: (1) the court imposed a lawful punishment; (2) the court pronounced a valid and proper sentence; and (3) appellee accepted that sentence. Under these procedural facts, the trial court was not free to "retract the sentence ... given here" and "resentence" appellee, regardless of the fact that the punishment originally assessed was the product of mistake or oversight.

The "error" here was simply prosecutorial default following what the trial court later said "was a [judge's] mistake." The prosecutor should have promptly objected when the trial court made no findings regarding whether the contested enhancement paragraphs (contested because appellee pled "not

---

**2.** The judge who ruled on appellee's "motion for new trial" was not the same judge who sentenced appellee.

**3.** A defendant accepts his sentence when he gives no notice of appeal in response to it. *Romero v. State,* 712 S.W.2d 636, 638 (Tex.App.—Beaumont 1986, no pet.).

true" when they were presented) were true or not true, and when the trial court assessed appellee's punishment at two-years confinement, a statutorily permissible punishment for an unenhanced third degree felony offense. Instead, the prosecutor said nothing. If the prosecutor was unwilling to accede to the trial court's rejection—or mistaken disregard—of the State's uncontradicted proof, the prosecutor should have further promptly objected when the trial court proceeded to assess the statutory minimum punishment. The prosecutor said nothing. Instead, the prosecutor stood mute while the trial court afforded appellee his right of allocution, his opportunity to state any reason why sentence should not be pronounced against him. Appellee was apparently (and understandably) quite willing to accept the sentence about to be imposed; he stated for the record that he had nothing to say. The prosecutor still said nothing.

The trial judge then sentenced appellee, as set out in the quoted extract, and remanded him to the bailiff's custody. The prosecutor still said nothing. The sentencing was finished and the remanded appellee had been taken by the bailiff from his position before the bench to the clerk's desk, to be processed for delivery to the penitentiary. Only then did the prosecutor make an inquiry (not an objection) to the trial court: "Did you not find the enhancements true?" The quoted exchange that followed between the prosecutor and the judge resulted in the judge's acknowledgment of "a mistake" and summons to appellee to "[c]ome back up here." As we have held above, however, it was by then too late for the court to change the sentence.

We overrule point of error one.

In point of error two, the State argues that the trial court erred "in granting the defendant's motion for new trial in order to reassess punishment, since TEX.R.APP.P. 32 and TEX.CODE CRIM.P.ANN. art. 44.29 do not provide for a new trial to be granted as to punishment alone."

We do not, however, consider appellee's motion to be a motion for new trial, despite its being styled as such. The effect of a motion is not determined by its caption,

but rather by its contents and the purpose for which it is offered. *See Carlisle v. State,* 818 S.W.2d 156, 159 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Hernandez v. State,* 767 S.W.2d 902, 904 (Tex.App.—Corpus Christi 1989), *aff'd,* 800 S.W.2d 523 (Tex.Crim.App. 1990). Here, appellee's motion asked that appellee's sentence "be modified to read that the defendant was assessed a punishment of two (2) years." The trial court's attempted "resentencing" of appellee was the only issue addressed in the motion. Under these circumstances, we consider appellee's motion to be in the nature of a "motion to set aside void sentence." It is not a true "motion for new trial" and we decline to treat it as such.

Nor did the trial court grant "a new trial ... as to punishment." The effect of the court's order was to set aside a void sentence and reinstate a valid, proper one.

We overrule point of error two.

The court's motion for new trial order stated that "the judgment and sentence entered in this cause [is] modified to read that defendant was assessed a punishment of two (2) years." However, as the State points out on rehearing, the judgment "still reflects a finding of true as to the allegations in the two enhancement paragraphs. An assessment of two years confinement is impossible in such a situation. *See* TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993)."

In keeping with our opinion that the correct sentence to be served here is a sentence of two years, we reform the judgment as follows:

(1) We delete the word "True" in the "Enhancement Paragraph(s)" section of the judgment, because no valid finding of "true" was made.

(2) We change the words "25 year [sic] TDC" in the "Punishment and Place of Confinement" section of the judgment to the words "2 years TDCJ–ID."

As reformed, we affirm the judgment of the trial court.

DUNN, Justice, dissenting.

I withdraw my initial opinion of August 12, 1993, and substitute this one in its stead

solely to reflect that I would grant the State's motion for rehearing.

I respectfully dissent regarding the disposition of point of error one.

At the hearing on appellee's "motion for new trial," uncontradicted evidence demonstrated that less than a minute had elapsed between the time that the court first sentenced appellee and the time that the prosecutor brought the court's error to its attention. Uncontradicted evidence also showed that, at the time the court called appellee back to resentence him, appellee was at the clerk's desk inside the courtroom waiting to be "processed" and taken to the Texas Department of Criminal Justice.

I am cognizant of a long line of cases, several of which appellee cites in his brief, in which appellate courts held that a trial court erred when it attempted to change a defendant's sentence after imposing it. These cases include *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Crim.App.1970); *Ex parte Brown*, 477 S.W.2d 552 (Tex.Crim.App.1972); *Blackwell v. State*, 510 S.W.2d 952 (Tex.Crim.App. 1974); *Ex parte Voelkel*, 517 S.W.2d 291 (Tex.Crim.App.1975); *Tooke v. State*, 642 S.W.2d 514 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Bullock v. State*, 705 S.W.2d 814 (Tex.App.—Dallas 1986, no pet.); and *State v. Evans*, 817 S.W.2d 807 (Tex.App.— Waco 1991), *aff'd in part on other grounds and rev'd in part on other grounds*, 843 S.W.2d 576 (Tex.Crim.App.1992) (not yet reported).

I find *Reynolds, Brown, Blackwell, Voelkel, Bullock*, and *Evans* to be inapplicable here. In each of those cases, the trial court erred when it attempted to change the sentence it had already imposed *after the defendant had begun serving the sentence*.

In *Reynolds*, the Court of Criminal Appeals held that "it was beyond the power of the court ... to add a cumulation order onto the last sentence imposed *after the petitioner had suffered punishment under the sentence originally imposed*." 462 S.W.2d at 608 (emphasis added).

In *Brown*, the Court of Criminal Appeals wrote that:

[A]t the time that the court entered its resentencing order, making these additional sentences to run consecutively, petitioner had already been incarcerated ... for approximately two calendar months. Thus, it is apparent that petitioner had already suffered partial punishment under the *original* sentence at the time the more lengthy commitment was re-assessed ... Such a belated attempt at altering the terms of a defendant's sentence [is] null and void of effect.

477 S.W.2d at 554 (emphasis in original).

In *Blackwell*, the defendant had already served several days in jail when he was "again called into court where his sentence was cumulated with [his] previous ten-year sentence." 510 S.W.2d at 956. The Court of Criminal Appeals held that the cumulation order was invalid. *Id.*

In *Voelkel*, the defendant's sentences were cumulated after he had already begun serving the sentence imposed by the court the day before. 517 S.W.2d at 292. The Court of Criminal Appeals set aside the order of cumulation. *Id.* at 293.

In *Bullock*, the trial court ordered that the defendant's sentence "run concurrently with any other sentences [he] was serving." 705 S.W.2d at 815. Then, two weeks later, the trial court signed an order that the defendant's sentence run consecutively. *Id.* The Dallas Court of Appeals held that the order was invalid "where the defendant has already commenced service under the prior sentencing order." *Id.* at 816.

In *Evans*, the defendant and the State entered into a plea agreement. 817 S.W.2d at 808. The trial court approved the agreement and sentenced the defendant to eight years in prison, the recommended punishment. *Id.* Five days later, upon the defendant's motion to withdraw his plea, the court vacated the sentence. *Id.* The Waco Court of Appeals, noting that "the power of a court is limited" after a defendant has begun serving a sentence, *id.* at 809, set aside the trial court's vacation of the eight-year sentence and reinstated that sentence. *Id.* at 810.

I find the law best stated in *Evans:*

It is a general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in the exercise of that power, it may at the same term of court, correct, modify or set them aside. An exception to the general rule, however, is recognized when the accused has accepted the judgment and has performed a part thereof, or has suffered some punishment as a result thereof, in which event the court is powerless to change the judgment in any substantial respect.

*Id.* at 809 (citations omitted).

Here, as the record demonstrates, appellee had not performed part of, or suffered some punishment under, the original sentence. In fact, at the time the trial court resentenced appellee, *appellee had not even left the courtroom after the original sentence was handed down,* and the resentencing occurred *a mere instant* after the original sentencing. These facts remove this case from the holdings in *Reynolds, Brown, Blackwell, Voelkel, Bullock,* and *Evans,* cases in which the respective defendants had already begun serving their sentences when the attempted resentencing occurred.

I am unable to determine whether *Tooke,* the case relied upon by the majority, is on point. The Fourteenth Court of Appeals' recitation of the relevant facts is as follows:

[T]he trial court orally sentenced appellant to confinement in the Texas Department of Corrections "for not less than 5 years nor more than 50 years." After appellant accepted such sentence, the court, realizing that he mistakenly omitted to consider the enhancement paragraph of the indictment resentenced appellant to confinement in the Texas Department of Corrections "for not less than 15 years nor more than 50 years."

642 S.W.2d at 516.

The court held that the "attempting resentencing was null and void and of no legal effect"[1] and that "the sentence first imposed on appellant will stand." *Id.* at 518. However, I am unable to tell from the court's opinion whether the defendant had already begun serving his original sentence when he was resentenced, or even how much time had elapsed between the original sentencing and the resentencing, a fact that would shed some light on the question of whether he had already begun serving the original sentence when he was resentenced. It does appear from the opinion that the defendant was sentenced orally and then later resentenced *in writing, id.* at 516, indicating a lapse of more time between sentencing and resentencing than in the present case.

I would hold that, when a trial court sentences a defendant erroneously due to some mistake or oversight, and subsequently realizes its mistake and resentences the defendant in line with its original intentions, then as long as the defendant has not already begun to perform or serve the original sentence, the "resentencing," if otherwise proper, is valid.[2] In my opinion, the trial court therefore erred when it "modified" the valid sentence of 25–years confinement.

---

**1.** In making this holding, the *Tooke* court relied in part upon *Williams v. State,* 145 Tex.Crim. 536, 170 S.W.2d 482 (1943). 642 S.W.2d at 518. In *Williams,* the Court of Criminal Appeals wrote:

It is the general rule that a trial court has full power and control of its judgments, orders and decrees, during the term at which they have been made, and that, in the exercise of that power, he may, at the same term of court, correct, modify, or set them aside ... An exception to the general rule, however, is recognized when the accused has accepted the judgment and has performed a part thereof, or has suffered some punishment as a result thereof, in which event the court is powerless to change the judgment in any substantial respect.

170 S.W.2d at 486.

**2.** Such a holding would be consistent with language found in *Turner v. State,* 166 Tex.Crim. 154, 31 S.W.2d 809 (1930):

The power of the court to alter its docket entries and records during the term wherein they are made, includes the right within such time to revise, correct and change its sentences, however formally pronounced, if nothing has been done under them. But steps taken under a sentence—for example, a substantial part execution thereof—will cut off the right to alter it, even during the term. *Id.*

To whatever extent, if at all, that *Tooke* can be read to conflict with my would-be holding, I respectfully disagree with that case.

I would sustain point of error one. I would vacate the order granting appellee's "motion for new trial," which orders that "the judgment and sentence entered in this cause be modified to read that the defendant was assessed a punishment of two (2) years," and reinstate the judgment and sentence assessing appellee 25–years confinement. I would remand the cause to the trial court for execution of the sentence.

MIRABAL, WILSON and HEDGES, JJ., join this opinion.