Affirmed and Opinion filed July 28, 2004









Affirmed and Opinion filed July 28, 2004.

 

In The

 

Fourteenth Court of Appeals

______________________

 

NO. 14-04-00026-CR

 

______________________

 

ARTHUR MAURICE
MEINEKE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 950,498

 



 

O P I N I O N

Appellant, Arthur Maurice Meineke, was
charged by indictment with the felony offense of arson.  See Tex.
Pen. Code Ann. ' 28.02 (Vernon 2003).  A jury found appellant guilty and the trial
court, pursuant to a sentencing agreement, ordered him to serve 30 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In two points of error, appellant argues that
the trial court: (1) erred by ordering him to serve an illegal sentence; and
(2) lacked jurisdiction to hold a post-conviction hearing to correct the
sentence.  We affirm.








The record reflects that on the evening of
May 30, 2003, appellant and his wife were engaged in a heated argument.  At approximately 10:00 p.m., appellant=s wife left their
mobile home.  Appellant then set fire to
his wife=s clothes and a
portion of their home.  Accordingly,
appellant was subsequently indicted by a grand jury for arson.  The indictment also contained two enhancement
paragraphs alleging prior convictions for murder and aggravated assault.

Prior to trial, appellant elected to have
a jury to both determine guilt and assess punishment.  However, after the jury began deliberations,
appellant entered into an agreement with the State whereby, if the jury found
him guilty, he would switch his punishment election to the court in exchange
for the court assessing punishment at 30 years= confinement.  The jury returned a guilty verdict on
December 17, 2003, and in accordance with appellant=s agreement, the
trial court orally pronounced sentence at 30 years.

After signing the judgment, the trial
court apparently realized that, absent affirmative findings on the enhancement
allegations, the thirty-year sentence was outside the limits for un-enhanced
arson and, therefore, illegal.[1]  To correct this oversight, the court recalled
appellant the next morning, December 18, 2003, and reconvened to make findings
on the enhancements.  Based on a docket
entry, it appears the court arraigned appellant on the enhancement charges,
accepted his pleas of Atrue@ to both
enhancement paragraphs, and reaffirmed its original sentence of 30 years.[2]








 In
his first point of error, appellant contends the trial court exceeded its
authority by entering an illegal sentence and by subsequently holding a
post-conviction hearing on enhancement allegations to correct the
sentence.  Appellant claims that because
the trial court initially made no findings on the two enhancement paragraphs,
it impliedly found the allegations Anot true.@  Thus, the subsequent sentence of 30 years
exceeded the statutory range of punishment and constituted an illegal
sentence.  Further, appellant argues that
when the trial court attempted to re-litigate the enhancement allegationsCand ultimately Are-sentence@ himCthe court exceeded
its authority.

We first consider whether a trial court
can correct an illegal sentence by holding a post-conviction hearing in order
to enter findings that make the sentence comport with the law.[3]  In answering this question, appellant cites
several cases for the proposition that once a trial court pronounces sentence,
it is prohibited from making new findings in order to support the
sentence.  








First, appellant relies on Tooke v. State, 642
S.W.2d 514 (Tex. App.CHouston [14th] 1982, no pet.) and State
v. Dickerson, 864 S.W.2d 761 (Tex. App.CHouston [1st
Dist.] 1993, no pet.).  In Tooke,
this court reversed a trial court=s attempt to
re-sentence a defendant  after the trial
court initially failed to consider an enhancement charge.  642 S.W.2d at 518.  The court orally sentenced the defendant to
imprisonment for Anot less than 5 years nor more than 50
years.@  Id. at 516.  After realizing it had mistakenly overlooked
an enhancement paragraph, the court proceeded to re-sentence the defendant to a
term of Anot less than 15
years nor more than 50 years.@   Id. (emphasis added).  The defendant argued on appeal that the court
erred in re-sentencing him once the sentence had been entered.  Id. at 518.  Agreeing with the defendant, this court
explained:

After sentence was first imposed on
[the defendant], the trial court was without power to set aside that sentence
and order a new sentence.  Such attempted
resentencing is null and void and of no legal effect.  The original sentence was a valid and proper
sentence.  The court=s failure to consider the
enhancement paragraph of the indictment prior to first sentencing [the
defendant] should not enlarge the court=s power over the case.

Id. 
Consequently, this court modified the sentence to reflect the original 5
to 50 years= punishment.  Id.

Similarly, in Dickerson, the First
Court of Appeals reformed a judgment to reflect the original sentence after a
trial court attempted to re-sentence a defendant with enhancements.  864 S.W.2d at 764. The trial court initially
held a punishment hearing which included evidence on two enhancement
allegations.  Id. at 761B62.  The court then proceeded to sentence the
defendant to two years= confinement.  Id.  at 762. 
However, within a minute after the court pronounced the sentence, the
State asked if the trial court considered and included the enhancements.  Id. 
The court then immediately ordered the defendant to return to the bench,
retracted the first sentence, and re-sentenced him to 25 years.  Id. 
After the defendant complained of the decision to re-sentence him, the
trial court reinstated the original two-year sentence.  Id. 


The State appealed, claiming that the 25 year sentence
should have been upheld because the court Ahad the authority
to correct an error in the assessment of punishment.@  Id. at 763.  In affirming the trial court=s original
sentence, the First Court of Appeals echoed this court=s decision in Tooke
and went on to explain that: 








While . . . the trial court meant
to find the enhancement paragraphs true, three things occurred before it
did so: (1) the court imposed a lawful punishment; (2) the court pronounced a
valid and proper sentence; and (3) [the defendant] accepted the sentence.  Under these procedural facts, the trial court
was not free to Aretract the sentence . . . given
here@ and Aresentence@ [the defendant], regardless of the
fact that the punishment originally assessed was the product of mistake or
oversight.

Id. (emphasis in
original).  Accordingly, the court
reformed the judgment by deleting the enhancement finding of Atrue@ and changing the A25 years@ to A2 years.@  Id.           

We do not find either of these cases dispositive of the issue
presented in this case.  We agree that
both Tooke and Dickerson stand for the proposition that a court
cannot retract a valid sentence and re-sentence a defendant to provide
for greater punishment.  See Dickerson,
864 S.W.2d at 763B64 (explaining that it is Atoo late@ to change a
sentence once a lawful sentence is imposed); Tooke, 642 S.W.2d at
518 (holding that when an original sentence is valid and proper, any
attempt to re-sentence the defendant is Anull and void@).  In fact, Judge Cochran recently clarified
this very point in a concurring opinion, in McClinton v. State, 121
S.W.3d 768 (Tex. Crim. App. 2003).  In
reviewing the extent of a trial court=s authority to
correct an illegal sentence, Judge Cochran explained that A[a] court does not
have inherent authority to modify, alter, or vacate a valid sentence
orally imposed solely by means of a later written judgment or docket entry.@  Id. at 771B72 (Cochran, J.,
concurring) (emphasis added).  However,
changing a valid sentence after it already has been entered and making entries
which correct an otherwise invalid sentence are two different issues.








Here, the trial court=s initial sentence
was invalid.  Texas jurisprudence
undoubtedly recognizes a court=s authority to
correct an invalid sentence.  Id.
(Cochran, J., concurring) (A[B]oth trial and
appellate courts may always take cognizance of an illegal or unauthorized
sentence, with or without the prompting of the parties.@); Mizell v.
State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (AThere has never
been anything in Texas law that prevented any court with jurisdiction
over a criminal case from noticing and correcting an illegal sentence.@) (emphasis in
original).  The rationale is that a court
has plenary jurisdiction over a case for the first thirty days after
sentencing.

For example, a court has authority to
receive a motion for new trial or a motion in arrest of judgment within that
time period.  See Tex. R. App. P.  21, 22; McClinton, 121 S.W.3d at 778
n.1 (Cochran, J., concurring); In re State ex rel. Sistrunk, 142 S.W.3d
497, 503 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  Furthermore, the trial court has authority to
resolve the merits of those motions within 75 days after sentencing.  See Tex.
R. App. P.  21, 22; McClinton,
121 S.W.3d at 778 n.1 (Cochran, J., concurring).  A court also has authority to correct
clerical mistakes in a judgment or order after the expiration of 30
days.  See State v. Bates, 889
S.W.2d 306, 309 (Tex. Crim. App. 1994) (holding that a court can enter a
judgment nunc pro tunc even after it has lost jurisdiction of the case).  Therefore, a trial court has all the necessary
Ainherent power to
correct, modify, vacate or amend its own rulings@ in order to
effectuate its judgment.  Awadelkariem
v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998) (Meyers, J.,
concurring).  A[S]o long as the
court does not by its ruling divest itself of jurisdiction or exceed a
statutory time table, it can simply change its mind on a ruling.  The ability to do so is a necessary function
of an efficient judiciary.@  Id. (emphasis added).

Therefore, it is clearly established that
a trial court can correct an illegal sentence and can take whatever action is
necessary, within its inherent powers, to do so.  In fact, appellant concedes this point in his
appellate brief.  However, the bounds of
these powers are unclear.  Appellant
contends that the court=s authority is limited to reducing an
incorrect or illegal sentence.  He
further argues that the court is absolutely precluded from revising a sentence
if it involves making findings on enhancements for the first time during
re-sentencing.








In support of his contentions on this
point, appellant relies on Ware v. State.  In Ware, the Fort Worth Court of
Appeals upheld a trial court=s decision to
re-sentence a defendantCby reducing his sentenceCin order to bring
the sentence within the limits allowed under the Texas Penal Code.  62 S.W.3d at 353B55.  The court initially entered a judgment which
read ACOUNT ONE AND
TWO-SEVENTY FIVE (75) YEARS.@  The defendant filed a motion for new trial in
which he claimed the trial court erred when it sentenced him to 75 years on
count two.  He argued that the punishment
for count two of the offense was limited to 20 years.  The court agreed and held a subsequent
punishment hearing at which it entered a nunc pro tunc judgment that
effectively re-sentenced the defendant to a term of 10 years on the second
count.  On appeal, the defendant argued
the court was without authority to re-sentence him because, if the first
sentence was invalid, he was entitled to a new trial.  The appellate court disagreed, and instead
held that the trial court was acting within its plenary power to correct the
sentence.

Appellant cites Ware for the
proposition that if a court is going to correct an illegal sentence, it can
only do so by reducing the sentence. 
However, we do not read Ware to be so limiting.  Rather, we understand Ware to mean exactly
what already has been established, i.e., that a court has plenary
authority to correct an illegal sentence. 
The fact that the court of appeals in Ware permitted the trial
court to correct the sentence by reducing it does not mean that reduction is the
only method a trial court can use to correct an invalid judgment.  See, e.g., Tex. R. App. P.  21,
22; McClinton, 121 S.W.3d at 771B78 & n.1
(Cochran, J., concurring); Bates, 889 S.W.2d at 309; In re State ex
rel. Sistrunk, 142 S.W.3d at 503. 
Moreover, appellant does not cite any authority that explicitly states a
court=s plenary power is
limited to reducing an incorrect sentence. 
Our own thorough review of the case law, similarly yields no
authority.  While we agree that a court
cannot increase an otherwise valid sentence, we do not agree that a
court is prohibited from entering findings which are intended to make legal an
otherwise illegal sentence.  This is
particularly true where the court has not attempted to increase an
otherwise valid sentence, but rather, merely entered corrected findings in
order to make a sentence comport with the requirements of the law.








Moreover, in an unpublished opinion from this court, we
upheld a trial court=s sentence after it held a post-conviction
hearing in which the court made findings on two enhancement paragraphs.  Lewis v. State, No. 14-97-01308-CR,
1999 WL 274904, at *1B4 (Tex. App.CHouston [14th
Dist.], May 6, 1999, no pet.) (not designated for publication).  In Lewis, the judgment was
dated November 11, 1997, the docket sheet reflected that the court assessed
punishment on November 13, and evidence showed the trial court held a
subsequent hearing on punishment on November 18.  Id. at *3B4.  At the November 18 hearing, the trial court
noted that the defendant previously had been sentenced to 20 years in prison
but stated:

I was thinking about this case,
although I said on the record that the defendant was sentenced to 2 to 20 years
in prison, and of course, that was based on my finding the enhancement paragraphs
true, it occurred to me I had never actually said that on the record.  I omitted to put that on there, and I wanted
to make this clear on the record that I made that finding.

I found both the first and second
enhancement paragraphs to be true, prior to pronouncing sentence, but I failed
to say that on the record.

Id.  The trial court also entered handwritten
notations on the judgment which indicated it had found the enhancements
true.  This court explained that the Atrial court did
not err because there is no requirement that the enhancement paragraphs be
orally read to a defendant when the punishment is assessed by the trial court
alone.@  Id. (quoting Garner v. State,
858 S.W.2d 656 (Tex. App.CFort. Worth 1993, no pet.)).  The defendant in Lewis also cited Tooke
to support his argument that the trial court was without authority to enter
post-conviction enhancement findings.  However, this court explained that the
defendant=s reliance on Tooke was misplaced
because the trial court in that case attempted to set aside the first sentence
and order a new sentence.  To the
contrary, this court concluded that Athe trial court
[in Lewis] sub judice did not attempt to set aside its first
judgment or re-sentence appellant.@  Instead, the trial court merely took action
to ensure its findings satisfied the requirements of the sentence actually
imposed.[4]








Lewis is directly
applicable to the issue at hand in this case. 
Here, the trial court entered judgment on December 17, 2003, but held a
subsequent hearing on December 18.  Much
like the trial court in Lewis, the court made findings on the record
at the post-conviction hearing.  As in Lewis,
we similarly find that the trial court did not err by not orally reading the
enhancements allegations in open court. 
The court was not required to make an oral pronouncement of its findings
on the enhancements.  See Turner
v. State, 866 S.W.2d 117, 118 (Tex. App.CFort. Worth 1993,
no pet.) (holding that a court does not have to pronounce a deadly weapon
finding, but rather, the Aonly requirement . . . is that the court
enter a finding in its judgment@).  While it certainly would have been better
practice for the trial court to announce its enhancement findings prior to
sentencing, its failure to do so was not error so long as it appears from the
record that the court found the enhancements Atrue@ and entered the
sentence accordingly.  See Garner,
858 S.W.2d at 660.  Here, appellant
virtually stipulated to the enhancement allegations by his acceptance of an
agreed sentence.  Based on appellant=s and the court=s acceptance of
the enhanced sentencing agreement, we find ample evidence in the record
to show the trial court found the enhancements Atrue@ and entered the
sentence accordingly.








We observe that when the trial court
initially assessed a sentence of thirty years, the only evidence to support the
enhancement allegations were three business records from the Harris Country
Sheriff=s Department.  Each of these records contained a description
of appellant, a statement of the offense for which he had been convicted, and
fingerprints.  However, there was no
additional evidence, such as expert testimony that the fingerprints were those
of appellant.  During the punishment stage
of a trial, the State has the burden of proving Athe defendant on
trial is in fact the same defendant named in the . . . alleged felony
convictions.@  Ex
Parte Augusta, 639 S.W.2d 481, 485 (Tex. Crim. App. 1982), overruled
on other grounds by Bell v. State, 994 S.W.2d 173 (Tex. Crim. App.
1999); see also Russell v. State, 790 S.W.2d 655, 657 (Tex. Crim. App.
1990).  Where the State fails to
sufficiently prove the enhancement allegations, the defendant is entitled to a
new punishment hearing.  See Ware,
62 S.W.3d at 354B55. 
Accordingly, appellant contends he is entitled to a new trial on
punishment.[5]
 Id.[6]


A trial court canCin the interest of
judicial economyCexercise its plenary power and take
actions necessary to correct, modify, vacate, or amend its rulings.  Awadelkariem, 974 S.W.2d at 728
(Meyers, J., concurring);Ware, 62 S.W.3d at 354B55; Banks v.
State, 29 S.W.3d 642, 645 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d). 
Here, the trial court attempted to correct the error by amending its own
rulings.  Once the court realized it
could not do so with the information before it, it brought appellant back
before the court.  In light of the fact
that appellant agreed to the 30 year sentence and ultimately entered pleas of Atrue@ to both
enhancements, the trial court did not err. 
See Ex parte Shoe, 137 S.W.3d 100, 101 (Tex. App.CFort. Worth, 2004,
pet. granted) (denying a challenge to an illegal sentence that appellant agreed
to accept, citing similar cases from several states and analogous cases within
Texas).  Accordingly, we overrule appellant=s first point of
error.








In his second point of error, appellant
contends the trial court was without jurisdiction to hold the post-conviction
hearing because he already had filed his notice of appeal.  While filing a notice of appeal properly
invokes the appellate court=s jurisdiction,[7]
it does not automatically terminate the trial court=s
jurisdiction.  See Ware, 62 S.W.3d
at 353B54 (holding that a
trial court has jurisdiction to act Aat any time prior
to the appellate record being filed in the court of appeals@) (citing Jones
v. State, 795 S.W.2d 199 (Tex. Crim. App. 1990)); see also Junious,
120 S.W.3d at 417.  Even if  we were to presume, as appellant argues, that
he filed his notice of appeal on December 17 (prior to the court=s post-conviction
hearing), the appellate record was not filed with this court until January 27,
2004.  Therefore, the trial court still
had jurisdiction over appellant=s case at the time
it held the post-conviction hearing and rightfully had authority to amend its
rulings accordingly.  See Ware,
62 S.W.3d at 354.  We overrule appellant=s second point of
error.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered and Opinion filed July 28, 2005.

Panel consists of Justices Anderson, Hudson, and
Frost.

Publish C Tex. R. App. P. 47.2(b).











[1]  As enhanced,
the arson conviction was punishable by a term of Alife, or
for any term of not more than 99 years or less than 25 years.@  See Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2004B05).  Without
affirmative findings on the enhancements, the penalty for arson is limited to a
term of Anot more than 20 years or less than 2 years.@  See Tex. Pen. Code Ann. ' 12.33 (Vernon 2003).





[2]  Appellant
alleges the trial judge apparently signed the judgment on December 17, 2003,
but later interlineated an A8@ over the A7.@  He argues that
this improperly made it appear that the judgment was signed and sentence was
entered on December 18, 2003.  Appellant
also points out that the date on his Notice of Appeal was altered and complains
that the docket entry reflecting what actually transpired was blacked out.

A review of the judgment does, in fact,
reveal two different dates.  Written next
to the entry for ADate of Judgment@ is A12/17/03@ and
next to ADate Sentence Imposed@ is A12/18/03.@  However, while the trial court=s alterations may raise some question as to when each
action actually took place, there was no impropriety in the court acting as it
did.  See generally Turner v.
State, 116 Tex. Crim. 154, 31 S.W.2d 809 (1930) (A>The power of the court to alter its docket entries and
records during the term wherein they are made, includes the right within such
time to revise, correct and change its sentences, however formally pronounced .
. .=@) (quoting 2 J.
Bishop, Criminal Procedure ' 1298
(2d ed. 1872)).





[3]  Appellant
couches the issue in the following terms: Awhether
the trial court, upon revisiting the issue of punishment . . . and in trying to
correct the illegal sentencing [is] obligated to correct the sentence . . .
only to the extent that it was illegal, that is not by revisiting the issue of
whether enhancements have been proven . . . but simply by assessing punishment
within the result which had been legally reached, viz., an implicit rejection
of enhancements and a finding that Appellant be sentenced for (unenhanced)
arson.@  Therefore,
appellant=s ultimate complaint is that he should have been
sentenced to no more than twenty years.  See
Tex. Pen. Code Ann. '' 12.33, 28.02 (Vernon 2003).

On the other hand, the State frames the
question as: Awhether [the trial court] had legal authority to enter
the exact same sentence, with a written finding on the enhancements, one day
after orally pronouncing the sentence without an oral finding on the
enhancements.@





[4]  Additional reasoning supporting our
conclusion can be found in  Junious v. State, 120 S.W.3d 413, 414B17 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  There we
explained that a trial court=s putative granting of a new trial on punishment was a
Anullity.@  However, we also note that the court acted
within its plenary jurisdiction to reform punishment.  





[5]  Although
appellant does not specifically assert, as a separate point of error, that the
evidence was insufficient to support a finding of Atrue@ on the enhancements, he does argue in his brief that
the trial court impliedly found the enhancements Anot true@ by pronouncing sentence without making affirmative
findings on the enhancements.   





[6]  Only an
appellate court can order a new trial as to punishment only.  State v. Hight, 907 S.W.2d 845, 847 (Tex.
Crim. App. 1995); see also Tex.
Code Crim. Proc. Ann. art. 44.29 (Vernon Supp. 2004B05).  If a trial
court orders a new trial due to insufficient evidence on punishment, it must
order a whole new trial.  See Ware, 62 S.W.3d at 354B55.





[7]  See, e.g.,
Tex. R. App. P. 23.1; Olivio
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).