NUMBER 13-05-774-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JIMMY ED JONES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 105th District Court of Kenedy County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Jimmy Ed Jones, was charged with two counts of intoxication
manslaughter (1) and two counts of driving while intoxicated with child passenger. (2) Appellant
pleaded guilty to all counts. The issue of punishment was tried to a jury. In his sole issue,
appellant contends the trial court erred in increasing his sentence to fifteen years after
having already formally pronounced his sentence as being only five years. We affirm.

Background

 The issue of punishment was tried to a jury, which made the following written
verdicts: Count 1, fifteen years' imprisonment with no fine; Count 2, ten years'
imprisonment with no fine and a recommendation for community supervision; Count 3, two
years' imprisonment with no fine; and Count 4, two years' imprisonment with no fine. 
When the jury returned its verdicts, the trial judge read the verdicts aloud and announced
that a punishment of five years had been given for Count 1. After the judge completed
reading the verdicts for all counts, the jury was dismissed and the judge then began to
impose the conditions of community supervision for Count 2. At that point, State's counsel
notified the judge that he had misread the verdict for Count 1. The judge, upon recognizing
his mistake, called the jurors back to the courtroom. Ten jurors reentered the courtroom,
and the presiding juror confirmed to the judge that the verdict as to Count 1 was fifteen
years' imprisonment. The judge then sentenced appellant on Count 1, sentencing him to
fifteen years' imprisonment, with concurrent two-year sentences for Counts 3 and 4.

Discussion

 In asserting the trial court erred, appellant primarily relies on State v. Dickerson,
wherein the Houston court of appeals held that a trial court could not retract a sentence
after (1) the court had imposed a lawful punishment, (2) the court had pronounced a valid
and proper sentence, and (3) the defendant had accepted that sentence. (3) We note that
in the instant case, appellant never formally accepted his sentence. After misreading the
punishment for Count 1, the trial court never asked appellant whether he had anything to
say as to why the sentence should not be pronounced against him. (4) This was only done
after the trial court corrected its mistake. Accordingly, this case is factually distinguishable
from Dickerson.

 Even if Dickerson was applicable, however, the court of criminal appeals, in State
v. Aguilera, has subsequently held that,

 a trial court retains plenary power to modify its sentence if . . . the
modification is made on the same day as the assessment of the initial
sentence and before the court adjourns for the day. The re-sentencing must
be done in the presence of the defendant, his attorney, and counsel for the
state. . . . In such circumstances, a trial court has authority to re-sentence
a defendant after assessing an initial sentence if the modified sentence is
authorized by statute. (5)

All the necessary circumstances outlined in Aguilera are satisfied in the instant case. 
Accordingly, we find the trial court did not commit any error.

Conclusion

 The judgment of the trial court is affirmed.


 
 LINDA REYNA YAÑEZ,

 Justice

 


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 5th day of July, 2007.
1. Tex. Pen. Code Ann. § 49.08 (Vernon Supp. 2006).
2. Tex. Pen. Code Ann. § 49.045 (Vernon Supp. 2006).
3. State v. Dickerson, 864 S.W.2d 761, 763 (Tex. App.-Houston [1st Dist.] 1993, no pet.).
4. See Tex. Code Crim. Proc. Ann. art. 42.07 (Vernon Supp. 2006).
5. State v. Aguilera, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005).