

**NUMBERS 13-08-00240-CR,**
**13-08-00241-CR,**
**13-08-00242-CR,**
**& 13-08-00243-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE DAVID H. BAILEY

## On Petition for Writ of Mandamus

### MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, David Bailey, pro se, filed a petition for writ of mandamus in four causes in this Court on April 24, 2008, asking us to order the trial court to execute a nunc pro tunc order allowing relator's sentences to run concurrently rather than consecutively.[2] Relator further complains that the trial court lost or refused to release the statement of facts from

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator also filed a "motion for leave" to file this petition for writ of mandamus. We dismiss relator's motion for leave to file the petition for writ of mandamus as moot because the Texas Rules of Appellate Procedure no longer require motions for leave in original proceedings. *See generally* TEX. R. APP. P. 52 & cmt.

the hearing on relator's June 6, 1988 plea of nolo contendere on two felony offenses of aggravated sexual assault and two counts of injury to a child.[3]

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. In the instant case, the petition generally fails to comply with Texas Rule of Appellate Procedure 52.3. *See generally* TEX. R. APP. P. 52.3 (delineating the required form and contents for a petition for writ of mandamus). Further, relator has failed to provide a record sufficient to establish his right to mandamus relief. *See id.* 52.3(j), 52.7. Moreover, mandamus relief is appropriate if relator establishes that (1) he has no adequate remedy at law to redress his alleged harm, and (2) what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

The second of these requirements is satisfied if the relator can show he has "a clear right to the relief sought," that is to say, "when the facts and circumstances dictate but one rational decision" under "unequivocal, well-settled, and clearly controlling legal principles." *See id.* Relief should be denied If the relator fails to satisfy either aspect of this two-part test. *See id.*

In the instant case, relator has failed to satisfy the second part of this two part test by establishing that he has a clear right to the relief sought. In this regard, it appears that relator actually seeks post-conviction relief from a final felony conviction, and accordingly, his remedy is a post-conviction writ of habeas corpus returnable to the court of criminal

---

[3] We note that this Court has previously denied a similar petition for writ of mandamus, filed by relator, challenging the trial court's order that his sentences run consecutively. *See In re Bailey*, No. 13-06-00421-CR, 13-06-00422-CR, 13-06-00423-CR, 13-06-00424-CR, 2006 Tex. App. LEXIS 6786, * 1-2 (Tex. App.–Corpus Christi July 31, 2006, orig. proceeding).

appeals. *See, e.g., Ex parte Madding*, 70 S.W.3d 131, 136-37 (Tex. Crim. App. 2002); *Ex parte Voelkel*, 517 S.W.2d 291, 292-93 (Tex. Crim. App. 1975).

For the foregoing reasons, the petition for writ of mandamus is  DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 1st day of May, 2008.

3