**347·15**

NO. PD-0347-15

**ORIGINAL**

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

MICHAEL W. BOHANNAN

v.

THE STATE OF TEXAS

From Appeal No. 09-13-00090-CR

Trial Cause No. 12-10-10953-CR

Montgomery County

FILED IN
COURT OF CRIMINAL APPEALS

MAY 29 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

Michael W. Bohannan  #1841746
9601 Spur 591
Amarillo, Texas 79107-9606
806-381-7080

# CERTIFICATE OF INTERESTED PERSONS

Bohannan believes the following persons have an interest in the cause:

THE HONORABLE MICHAEL T. SEILER
345th District Court Judge
301 N. Main Street, Suite 210
Conroe, Texas 77301

THE HONORABLE LISA MICHALK
221st District Court Judge
301 N. Main Street, Suite 214
Conroe, Texas 77301

THE HONORABLE OLEN UNDERWOOD, Presiding Judge
Second Administrative Judicial Region of Texas
301 N. Thompson, Suite 102
Conroe, Texas 77301

JIM PREWITT, Asst. District Att'y
Montgomery County District Attorney's Office
207 W. Phillips Street
Conroe, Texas 77301

WILLIAM DELMORE, Asst. District Att'y
Montgomery County District Attorney's Office
207 W. Phillips Street
Conroe, Texas 77301

OSCAR L. "JACK" SOMMERS, Att'y at Law
414 W. Phillips Street, Suite 101
Conroe, Texas 77301

EARL L. PRYOR, Att'y at Law
220 W. Davis Street
Conroe, Texas 77301

## ORAL ARGUMENT STATEMENT

Petitioner Bohannan does not believe oral argument is necessary for the resolution of the issues raised in this Petition For Discretionary Review. However, should the Court or the State deem it necessary, Bohannan requests that he be provided an opportunity to be a participant in those arguments, perhaps through the means of electronic video-conferencing.

## TABLE OF CONTENTS                                    Page

CERTIFICATE OF INTERESTED PERSONS ———————— i

ORAL ARGUMENT STATEMENT ———————— ii

TABLE OF CONTENTS ———————— ii

TABLE OF AUTHORITIES ———————— iii

STATEMENT OF THE CASE ———————— vi

PROCEDURAL HISTORY ———————— ix

GROUNDS FOR REVIEW ———————— x

ARGUMENTS

   I. THE APPELLATE COURT'S OPINION CONFLICTS WITH THE CLEARLY ESTABLISHED DUE PROCESS RIGHTS FOUND IN VITEK v. JONES, COLEMAN v. DRETKE, MEZA v. LIVINGSTON, AND EX PARTE EVAN ———————— 1

  II. THE APPELLATE COURT'S OPINION CONFLICTS WITH THAT OF THE U.S. SUPREME COURT IN FARETTA v. CALIFORNIA IN THEIR APPROVAL OF THE TRIAL COURT"S DENIAL OF BOHANNAN'S RIGHT TO REPRESENT HIMSELF IN THE CRIMINAL PROCESS ———————— 5

 III. APPELLANT WAS IMPERMISSIBLY DENIED HIS RIGHT TO PROCEED PRO SE IN HIS APPEAL ———————— 10

  IV. THE APPELLATE COURT'S OPINION PERMITTING THE STATE TO PREVENT THE DEFENDANT FROM ADMITTING THE BASIS FOR A MISTAKE OF LAW DEFENSE THROUGH A MOTION IN LIMINE, RENDERS THAT LEGISLATIVELY PROVIDED DEFENSE UNAVAILABLE AND UNPRESENTABLE ———————— 11

V.  THE APPELLATE COURT'S OPINION MISCONSTRUED TEXAS
    HEALTH AND SAFETY CODE §841.081(a) AND MISAPPLIED IT
    TO BOHANNAN'S CLAIMS      13

VI. THE APPELLATE COURT SHOULD HAVE CONSIDERED THE PRO SE
    CLAIMS RAISED BY BOHANNAN IN HIS PRO SE BRIEFING
    WHERE APPELLATE COUNSEL HAD BEEN IMPOSED UPON HIM
    AGAINST HIS WISHES      14

CONCLUSION      14

CERTIFICATE OF MAILING AND SERVICE      15

## TABLE OF AUTHORITIES      Page

SUPREME COURT CASES

Faretta v. California, 422 U.S. 806 (1975)      5, 8, 9

Vitek v. Jones, 445 U.S. 491 (1980)      1, 3, 5

FEDERAL APPELLATE CASES

Coleman v. Dretke, 395 F.3d 216
    (5th Cir. 2004)      1, 3

Meza v. Livingston, 607 F.3d 342
    (5th Cir. 2010)      1, 3

TEXAS CASES

Basham v. State, 608 S.W.2d 677
    (Tex.Crim.App. 1980)      12

Blankenship v. State, 673 S.W.2d 578
    (Tex.Crim.App. 1984)      8, 9

Burgess v. State, 816 S.W.2d 424
    (Tex.Crim.App. 1991)      8

Contreras v. State, 915 S.W.2d 510
    (Tex.Crim.App. 1995)      12

Cormier v. State, 85 S.W.3d 496
    (Tex.App. - Houston [1st Dist] 2002)      10

Crawford v. State, 136 S.W.3d 417
    (Tex.App. - Corpus Christi 2004)      10

Ex parte Evan, 338 S.W.3d 545
(Tex.Crim.App. 2011) —————————————— 1, 3

Ex parte Jimenez, 361 S.W.3d 679
(Tex.Crim.App. 2012) —————————————— 2, 3

Ex parte Taylor, 36 S.W.3d 883
(Tex.Crim.App. 2001) —————————————— 3

Ex parte Thomas, 906 S.W.2d 22
(Tex.Crim.App. 1995) —————————————— 10

Ex parte Winton, 837 S.W.2d 134
(Tex.Crim.App. 1992) —————————————— 9

Fewins, v. State, 170 S.W.3d 293
(Tex.App. - Waco 2005) —————————————— 10

Flores v. State, 299 S.W.3d 843
(Tex.App. - El Paso 2009) —————————————— 7

In re Bohannan, 388 S.W.3d 296
(Tex. 2012) —————————————— vi, vii, 4

In re Bohannan, 379 S.W.3d
(Tex.App. - Beaumont 2010) —————————————— vi, 4

In re Brookshire Grocery Co., 250 S.W.3d 66
(Tex. 2008) —————————————— 5

Marion v. State, 936 S.W.2d 5
(Tex.App. - El Paso 1996) —————————————— 10

Robinson v. State, 240 S.W.3d 919
(Tex.Crim.App. 2007) —————————————— 8

Sickels v. State, 170 S.W.3d 298
(Tex.App. - Waco 2005) —————————————— 10

State v. Dickerson, 864 S.W.2d 761
(Tex.App. - Houston [1st Dist] 1993) —————————————— 5

Webb v. State, 533 S.W.2d 780
(Tex.Crim.App. 1976) —————————————— 10

FEDERAL LAW

United States Constitution - 6th Amendment —————————————— 6

Due Process Clause —————————————— 6, 13

Due Course of Law Clause —————————————— 13

STATE LAW

SB746 §16, 84th Leg. Regular Session ———————————— vi

Texas Code of Criminal Procedure art. 1.051 ————— 9, 10

Texas Constitution, Article I §10 ——————. 6, 9, 10

Texas Health and Safety Code, Chapter 841 —— vi, vii, 2, 4

            §841.061 ———————————— 4

            §841.081 ————————. 4, 13, 14

            §841.085 ———————————— 4

            §841.150(a) ———————————— 14

Texas Penal Code §8.03(b) ————————————. 12

## STATEMENT OF THE CASE

This appeal arises from Bohannan's being given a life sentence, for the alleged violation of a civil commitment order which both the Ninth Court of Appeals and the Texas Supreme Court had reversed. CR 12-13, 280-82; In re Bohannan, 379 S.W.3d 293 (Tex.App. - Beaumont 2010); In re Bohannan, 388 S.W.3d 296 (Tex. 2012). That conviction being for an act found to have occurred after the appellate court's reversal, under an indictment returned after the Texas Supreme Court's reversal, and obtained in a trial held after the Texas Supreme Court's mandate issued. CR 12-13, 280-82.[1]

On January 22, 2009, Bohannan was ordered to be civilly committed under Chapter 841 of the Texas Health and Safety Code ("Chapter 841"), by Judge Michael T. Seiler, 435th Judicial District Court of Montgomery County, Texas. RR Vol 7, State's Ex. 1.

On March 31, 2009, Bohannan was arrested, under Cause No. 1152110, in Tarrant County, CDC #1, as a result of six alleged "bracelet-gone" alarms generated by the electronic GPS monitoring equipment assigned and affixed to Bohannan's person, during the months of February and March of 2009. CR 40; RR Vol 7, State's Ex. 6, pp. 6, 9-11. On April 1, 2009, Bohannan was indicted by a Tarrant County grand jury for violating Tex. H&S Code §841.085, because of five of those six alleged alarms. CR 246-47.

On July 22, 2010, the 9th District Court of Appeals found Bohannan had received an unfair Chapter 841 commitment hearing and reversed that order and remanded the matter back to the trial court for the provision of a fair hearing. In re Bohannan, 379

---

[1]    It has come to Bohannan's attention that, since the October 29, 2014 appellate court's affirmance of Bohannan's conviction, the Texas Legislature is attempting to clarify to the state's prosecutors their intent is that commitment order violations are not criminal acts until such time as those orders have become final, i.e. no longer subject to the appellate process. See SB 746 §16, 84th Leg. Reg. Session. Bohannan is attempting, at this time, to obtain a copy of that legislation.

S.W.3d 293. Instead of providing Bohannan that fair hearing, the State filed an appeal with the Texas Supreme Court and continued subjecting Bohannan to the stigmatizing consequences and qualitatively different treatment reserved for those persons civilly committed under Chapter 841, including §841.085(a), despite the appellate court's unfair hearing determination. In re Bohannan, 388 S.W.3d 296.

As a result of the appellate reversal, the State informed the Tarrant County trial court, CDC #1, that she could not pursue a civil commitment violation against Bohannan because "Appeal pending before the Texas Supreme Court." CR 186, 235, 316, 352. Based upon the State's contention, the Fort Worth trial court dismissed the pending case. Id.

The Texas Parole Board provided Bohannan three days of hearings in January and February 2011, after which their hearing officer found that:

"Based upon the Appellate Court's decision [Bohannan] cannot have violated the Civil Commitment Order because he was not under a Civil Commitment Order."

CR 186, 318, 350. On March 15, 2011, Bohannan was transferred from the Tarrant County Jail, to a parole-division-contracted secure correctional facility, in Fort Worth, on parole supervision/ confinement; or so Bohannan was told. CR 40-41; RR Vol 4, p. 110, LL 24-25, p. 111 LL 1-8.

Despite the State's still-pending Texas Supreme Court appeal of the appellate reversal (which is why the State told the Tarrant County court she could not prosecute the alleged commitment violation), the State recharged Bohannan for the alleged Tarrant County commitment violations, in Montgomery County, on April 21, 2011. CR 248-49. The indictment, filed as Cause No. 11-04-04462-CR, was transferred to the 435th Judicial District Court (the same court and judge the appellate court found denied Bohannan a fair commitment hearing by abusing his discretion). RR Vol 1, p. 6 LL 12-15. That 2011 cause alleged four of the same "bracelet-gone" allegations contained in the

dismissed Tarrant County indictment, plus two more allegations that Bohannan refused to sign paperwork agreeing to be on civil commitment (after the appellate court, the Parole Board, and the TDCJ's attorneys all told Bohannan his commitment had been reversed and he was, therefore, not subject to a commitment order). CR 248-49. Bohannan was arrested at the Fort Worth parole-contracted secure correctional facility on April 24, 2011, and transported to the Montgomery County Jail, two days later, where he would be held without bond. RR Vol 3, p. 82 ll 3-10.

On August 31, 2012, the Texas Supreme Court, also finding Bohannan had not been provided a fair commitment hearing, upheld the appelate court's July 22, 2010 reversal order. RR Vol 7, Def. Ex. 37. On October 9, 2012, Bohannan filed a pro se application for extraordinary relief in the 9th District Court of Appeals under Cause No. 09-12-00473-CR. The appellate court treated it as a Petition For a Writ of Mandamus and, on October 11, 2012, requested the trial court judge and prosecutor (the respondents in the cause) submit a response.

On October 16, 2012, within two working days of receiving the appellate court's mandamus response request, the State's prosecutor returned to a Montgomery County grand jury and obtained another indictment alleging Bohannan violated the reversed 2009 commitment order. CR 12-13. That indictment, filed as Cause No. 12-10-10953-CR, was also assigned to Judge Seiler and the 435th Judicial District Court; where the previous 2011 indictment remained pending. Id.; CR 373. The new, 2012 indictment, contained each of the allegations raised in the already pending 2011 cause, plus the other "bracelet-gone" allegation from the dismissed Tarrant County indictment, and an allegation involving an alleged April 24, 2011 secure correctional facility rule violation. CR 12-13. The 2012 indictment, obtained after Bohannan's mandamus request, also contained three new enhancement paragraphs. Id.; CR 357-59; RR Vol 7, Def. Ex. 33 & 34. The addition of those paragraphs, after Bohannan's mandamus request, subjected Bohannan to punishment for life imprisonment, instead of the 10-year maximum he was facing before he requested mandamus

from the appellate court.

On February 11, 2013, the 2012 cause went to trial. CR 8. Bohannan acquiesced to the trial court's unmistakeable denial of his right to represent himself and cooperated with imposed counsel, who had been appointed to the 2011 cause (but not the 2012 cause) and who was not ready to go to trial. RR Vol 2, pp. 6-11. Though the trial court submitted a disjunctive charge to the jury, and permitted it to return a general verdict, it found Bohannan guilty of only the single, April 24, 2011, "Date of Offense", secure correctional facility rule violation. CR 267-75, 280-81. No one from that facility was present to testify at the trial. CR & RR.

On February 15, 2013, imposed counsel filed his "Motion to Withdraw", "Motion for New Trial and Motion In Arrest of Judgment", and "Notice of Appeal". CR 292-301. On February 19, 2013, imposed counsel's motion to withdraw was granted by the trial court. CR 296. On February 20, 2013, Bohannan filed his motion to strike imposed Counsel's February 15th motions. CR 303-05. Nevertheless, appellate counsel was imposed upon Bohannan two days later. CR 323. On February 28, 2013, Bohannan filed his "Amended Motion for New Trial". CR 324-76. On March 8, 2013, Bohannan filed his "Amended Motion in Arrest of Judgment". CR 379-83. On March 13, 2013, Bohannan filed his "Amended Notice of Appeal". CR 384-85. Bohannan did not request the appointment of appellate counsel in his notice of appeal and asserted his right of self-representation therein. Id. The trial court conducted no hearings on any of the post-trial motions and they were, therefore, overruled by operation of law.

On October 29, 2014, the 9th District Court of Appeals handed down its memorandum opinion and judgment affirming Bohannan's sentence and punishment.

PROCEDURAL HISTORY

On October 29, 2014, the Ninth District Court of Appeals handed down its Judgment and Memorandum Opinion this Petition for Discretionary Review seeks review of. Appendix pp. 1-17.

On January 8, 2015, the Ninth District Court of Appeals handed down its order overruling Bohannan's motion for rehearing.

On February 20, 2015, the Ninth District Court of Appeals handed down its order overruling Bohannan's motion for en banc review.

## GROUNDS FOR REVIEW

I.  The Appellate Court's Opinion Conflicts With The Clearly Established Due Process Rights Found In Vitek v. Jones, Coleman v. Dretke, Meza v. Livingston, And Ex Parte Evan.

II.  The Appellate Court's Opinion Conflicts With That Of The U.S. Supreme Court In Faretta v. California In Their Approval Of The Trial Court's Denial Of Bohannan's Right To Represent Himself In The Criminal Process.

III.  Appellant Was Impermissibly Denied His Right To Proceed Pro Se In His Appeal.

IV.  The Appellate Court's Opinion Permitting The State To Prevent The Defendant From Admitting The Basis For A Mistake Of Law Defense Through A Motion In Limine, Renders That Legislatively Provided Defense Unavailable And Unpresentable.

V.  The Appellate Court's Opinion Misconstrued Texas Health And Safety Code §841.081(a) And Misapplied It To Bohannan's Claims.

VI.  The Appellate Court Should Have Considered The Pro Se Claims Raised By Bohannan In His Pro Se Briefing Where Appellate Counsel Had Been Imposed Upon Him Against His Wishes.

ARGUMENT

I. THE APPELLATE COURT'S OPINION CONFLICTS WITH THE CLEARLY
   ESTABLISHED DUE PROCESS RIGHTS FOUND IN VITEK v. JONES,
   COLEMAN v. DRETKE, MEZA v. LIVINGSTON, AND EX PARTE EVAN.

Bohannan's first appellate claim was that the trial court erred in denying his motion to quash the indictment AND proceeding to trial when the underlying civil judgment had been reversed and remanded by the court of appeals and that reversal had been upheld by the Texas Supreme Court. The appellate court initially overruled issue one finding that "[b]ecause Bohannan filed his motion on the first day of trial, he did not preserve error." App. Op. @ 7. Bohannan, well before trial, filed a pre-conviction application for a writ of habeas corpus, with the trial court, addressing the Due Process claims. CR 47-49. Again prior to trial, Bohannan filed a motion to exclude the vacated judgment and order, and requested the motion be set for a hearing. CR 225-31. Bohannan's imposed counsel, on the date of trial, filed a motion to quash based in part on the appellate reversal, and obtained a ruling thereon. CR 225-31. The trial court did not address Bohannan's motions and denied imposed counsel's. RR Vol 2, p. 12. Therefore, at a minimum, Bohannan's claim that the court erred by proceeding to trial with the underlying civil commitment order having been reversed was preserved.

That preservation is likely why the appellate court went on to address the merits of Bohannan's first claim. App. Op. @ 7-8. The appellate court, while misstating Section 841.081(a) of the Texas Health and Safety Code, noted that a commitment order is effective "immediately on entry of the order". Id. @ 7. The appellate court found "the reversal of the civil commitment judgment was not enforceable until the Supreme Court's mandate issued" and allowed Bohannan to be tried for a violation of the reversed civil commitment judgment, after that mandate had issued voiding that judgment. Id. @ 7-8. The appellate court reviewed the claim as one involving a common civil judgment, failing to even consider the Due Process implications arising from Vitek v. Jones, 445 U.S. 491, 494 (1980), relying instead on Ex parte

- 1 -

Jimenez, 361 S.W.3d 679, 683 (Tex.Crim.App. 2012). App. Op @ 7-8.

Initially, Bohannan would note that Texas Health and Safety Code Chapter 841 does not address whether or not the stigmatizing and qualitatively different criminal punishment that civil committees are subjected to applies while the very legality and constitutionality of that commitment is pending resolution through the appellate process.[3] And more so, whether it applies after an appellate court has already determined a commitment order should be reversed.

The appellate court's reliance on Jimenez is, at best, misplaced. Jimenez was convicted of possession of a firearm while, at the time of that possession, being a convicted felon, under a final criminal judgment. While that judgment was later overturned in a habeas action, this court found that the conviction for felon in possession should stand because he was one at the time of his possession. Jimenez, 361 S.W.3d 679.

Bohannan was convicted of committing a civil commitment violation which occurred on April 24, 2011. CR 280-82. This was after Bohannan had obtained the appellate court's determination that he had not been provided the process he was due to be committed. a determination which the State appealed. In the criminal realm, a prior judgment cannot be used in the punishment of a later act unless it is a "final" judgment. In Jimenez, the prior criminal judgment was final at the time it was used to prove felon in possession (and apparently final at the time of that possession as well). In this case, the civil commitment remained on appeal at the time of every violation alleged against Bohannan; acts which could only be criminal through a valid commitment judgment. And

- 2 -

---

[3] See Footnote #1.

[4] There is no Footnote #4

the single act for which Bohannan was convicted occurred AFTER the appellate court had found his commitment judgment to be invalid.

In Jimenez, the defendant was convicted of a criminal offense while his prior felony judgment remained valid and unquestioned. In this case, the Texas Supreme Court had "finally" upheld the reversal of Bohannan's underlying civil commitment order, and mandated such, prior to the start of Bohannan's trial. The prosecutor knew he was prosecuting Bohannan for violating an order of commitment the State had illegally obtained. It is well established that "[t]he State of Texas has only one, indivisible interest in a criminal prosecution, to see that justice is done". Ex parte Taylor, 36 S.W.3d 883, 887 (Tex.Crim.App. 2001)(citing Tex. Code Crim. Proc art. 2.01). As the State's representative in a criminal prosecution, a prosecutor also has that only one, indivisible interest - to see that justice is done.

In Jiménez, at the time he possessed the firearm, no court had told him he was not a felon, and he did not have any appeal pending questioning his felony conviction. In Bohannan's case, not only had he appealed the improper civil judgment, but an appellate court had told him that judgment had been "reversed" and, therefore, at least to his understanding of that term, was invalid.

Jiménez aside, the trial court's subjecting Bohannan to trial violated his well-established Due Process rights. The U.S. Supreme Court established the principle that a State cannot subject a person to stigmatizing consequences and qualitatively different treatment without the provision of due process. Vitek v. Jones, 445 U.S. 491, 494 (1980). The greater the difference and the consequences, the greater due process protections needed. Id. This principle has since been well-established. See Coleman v. Dretke, 395 F.3d 216 (5th Cir. 2004); Meza v. Livingston, 607 F.3d 342 (5th Cir. 2010); Ex parte Evan, 338 S.W.3d 545 (Tex.Crim.App. 2011).

- 3 -

The Chapter 841 civil commitment of a person results in stigmatizing consequences and qualitatively different conditions being imposed (both statutorily and administratively) upon the person. See Tex. H&S Code, Subchapter E, §841.081 et seq.; RR Vol 3 p. 36 ℓℓ 12-14; RR Vol 7, State's Exhibits 3A-3F and 4A-4E. The criminalization of civil commitment requirements, which are not normally criminal, is one of the many quantitatively different conditions imposed upon persons so committed. Tex H&S Code §841.085; RR Vol 2, pp. 52-53; RR Vol 7, State's Exhibits 3A-3F and 4A-4E.

The Texas Legislature has required that before civilly committing a person, that person is entitled to a jury trial with a number of procedural protections, including the provision of an expert to assess whether the person suffers from the statutorily defined "behavioral abnormality" required to be found before the person can be committed. Tex. H&S Code §841.061. In Bohannan's commitment process, the committing court, on the day of trial, found that the "expert" the court had appointed for Bohannan was not the "expert" required, and as a result, prohibited that person from testifying that Bohannan does not suffer from the required "behavioral abnormality" - the trial court also refused to continue the trial to allow Bohannan to obtain a replacement "expert". In re Bohannan, 379 S.W.3d 293 (Tex.App. - Beaumont 2010). On appeal, the appellate court found Bohannan was not provided a fair trial because the person was an expert and her testimony should have been made available to the jury. Id. The appellate court then reversed Bohannan's commitment order because he had not been provided the protections he was due (i.e. a fair trial with the required expert). Id. The State appealed and the Texas Supreme Court affirmed the reversal of Bohannan's commitment order. In re Bohannan, 388 S.W.3d 296 (Tex. 2010). The State has had many years now, since the appellate courts' reversals, in which to provide Bohannan the process he is due to properly subject him to the stigmatizing and qualitatively different treatment, criminalizing what would otherwise be non-criminal acts - not even misdemeanors. It has not. Nevertheless, the State subjected

- 4 -

Bohannan to that qualitatively different treatment, without the provision of the process due, in violation of <u>Vitek's</u> clearly established principle, giving him a LIFE sentence.

Because the court of appeals has decided an important question of state and federal law that has not been, but should be, settled by this Court, and/or has decided an important question of state and federal law in a way that conflicts with the applicable decision of this Court and the U.S. Supreme Court, discretionary review is warranted and should be granted.

II. <u>THE APPELLATE COURT'S OPINION CONFLICTS WITH THAT OF THE U.S. SUPREME COURT IN FARETTA v. CALIFORNIA IN THEIR APPROVAL OF THE TRIAL COURT'S DENIAL OF BOHANNAN'S RIGHT TO REPRESENT HIMSELF IN THE CRIMINAL PROCESS.</u>

Bohannan did NOT request the appointment of counsel in the cause and counsel was NEVER appointed to represent Bohannan in the cause. CR & RR. Bohannan repeatedly notified the trial court that he was exercising his right of self-representation in the cause. CR 71-78, 50, 54, 62, 82, 92, 99, 111, 113, 115, 117, 120, 124, 127, 129, 132, 134, 136, 138, 140, 145, 147, 153, 161, 164, 167, 170, 189, 193, 202, 206, 209, 213, 221, 303, 324, 379, and 384. On January 25, 2013, Bohannan filed what he titled as "Defendant's Motion To Recuse/Disqualify Judge" wherein Bohannan prominently placed his self-representation assertion at the beginning of that motion. CR 92. The nature of a motion is determined by its content, not its caption. <u>In re Brookshire Grocery Co.</u>, 250 S.W.3d 66 (Tex. 2008); <u>State v. Dickerson</u>, 864 S.W.2d 761 (Tex.App. - Houston [1st Dist] 1993). The State has admitted that Bohannan asserted his right of self-representation in his written motions. State's Brief @ 24. On January 31, 2013, Judge Seiler heard Bohannan's motion (to recuse) wherein Bohannan asserted his right of self-representation in the cause. CR 97. Judge Seiler "denied the Rule 18a Motion to Recuse", and then referred the "case to the Presiding Judge of the Second Administrative Judicial Region", Judge Underwood. Id. On February 4, 2013, Judge Underwood, without providing the opportunity for a hearing on the motion, denied it specifically noting "[t]he

Court has reviewed the motion" in which Bohannan clearly and unequivocaly asserted his right to self-representation. CR 173.

By January 3, 2013 letter, Bohannan notified the State's prosecutor of his intention to represnt himself in this cause and detailed his discovery needs. CR 90-91. On January 25, 2013, Bohannan mailed a letter to the trial court's coordinator, with a copy going to the prosecutor, informing them "I reiterate I am representing myself in the case", and requesting his pending motions be set for a hearing. CR 320-21. The cause's Criminal Notes indicate the clerk/coordinator responded to the letter on January 28, 2013. Supp CR _____.

On February 4, 2013, Bohannan and Counsel Pryor (his appointed counsel in the 2011 cause) appeared for what was a scheduled trial date for both the 2011 cause and this cause. Supp CR _____; CR 8. The trial court heard counsel's motion for continuance. CR 8. During the hearing, Bohannan was called to the bench to address his pro se speedy trial motion filed in this cause. CR 197; Supp RR 13-16. In that speedy trial motion, Bohannan prominently stated at its beginning that he was "exercising his right to self-representation in the cause, pursuant to the Sixth Amendment of the United State Constitution, the Due Process Clause, and Article I, Section 10 of the Texas Constitution". CR 124. Judge Michalk, presiding judge, denied the motion. Supp RR p. 16 ££ 22. During his testimony regarding the speedy trial motion, Bohannan was detailing the problems he had with counsel appointed in the 2011 cause when he informed the trial court "I'm in a little quandry here. I'll explain it to you in just a second". Id. @ 15 ££ 12-13. Before Bohannan could do so, Judge Michalk told Bohannan "[y]ou need to be quiet", "[s]o have a seat". Supp RR p. 15 ££ 12, 22. Bohannan asked the judge, "[c]an I explain my problem to you?" to which Judge Michalk responded "[n]o. I don't want to hear anything else you have to say at this point." Id. ££ 24-25. Prior to that, the Judge acknowledged her awareness of Bohannan's wanting to proceed pro se by stating "[y]ou ... want all your attorneys removed ...". Id. ££ 16-17.

The next day, February 5, 2013, Bohannan mailed his proffer of the testimony he would have offered (and the pleadings he would have presented) had he not been ordered to "be quiet" and to go "have a seat". CR 196-200.

The appellate court based its denial of Bohannan's claim, in part, on the fact that "[a]n attorney request form dated April 27, 2011, and an order appointing counsel are attached as exhibits to a pro se motion for new trial". App. Op @ 15. Based on those two documents, the appellate court held:

> "These documents indicate Bohannan requested or accepted the appointment of counsel and that he relied upon counsel for his defense to the criminal prosecution of the alleged violation of the civil commitment order."

Id.[5] Both of those documents are for the 2011 cause, a cause which never went to trial and was eventually dismissed. CR 373. That is evidenced not only by the cause number affixed to each document, but by the fact that each was dated long before this 2012 cause came into existance.

The appellate court also based its denial of Bohannan's claim on "a letter, dated October 1, 2012, from Bohannan to the trial court." App. Op @ 14. The appellate court correctly noted that:

> "In the letter, Bohannan refers to trial counsel as 'my currently appointed counsel' and mentions that at that time counsel 'had been appointed for over nine weeks' and stated that Bohannan had been informed of the appointment on July 24, 2012."

Id. @ 14-15. Bohannan drafted that letter on October 1, 2012, and mailed it to the trial court judge, court clerk, DA, and counsel on October 2, 2012. Id. This cause did not even come into existance until two weeks later. CR 12-13. Obviously, Bohannan's letter was addressing his counsel appointed for the 2011 cause, not this one. The right to counsel is offense/cause specific. Flores v. State, 299 S.W.3d 843 (Tex.App. - El Paso 2009). The

- 7 -

---

[5] Notably, the appellate court's holding is based upon the two exhibits attached to Bohannan's "pro se" motion for a new trial, a motion which itself affirmed Bohannan was "exercising his right of self-representation." CR 324.

appellate court's holding that Bohannan's acceptance of counsel, in an earlier cause, somehow supports the denial of his right to self-representation in a later cause, and at a later date, has so far departed from the accepted and usual course of judicial proceedings, and extensive precedent, as to call for an exercise of the Court of Criminal Appeals' power of supervision. See Burgess v. State, 816 S.W.2d 424, 428-29 (Tex.Crim.App. 1991) (defendant must be allowed to represent himself even when asserted at "eleventh hour"); Blankenship v. State, 673 S.W.2d 578, 585 (Tex.Crim. App. 1984)(the right to defend pro se is timely if asserted before the jury was empaneled).

The appellate court concluded that the failure to allow Bohannan to proceed pro se was not an abuse of the trial court's discretion because Bohannan invoked his right to represent himself in his filed pro se motions which the trial court was not obligated to read, and Bohannan did not ask to proceed verbally during the pretrial hearing and arraignment. App. Op @ 15. The defect in that conclusion is that not only did the trial court read some of those pro se motions, but it ruled upon them as well. Once a trial court rules on a pro se motion, there is no reason why it should be insulated from review. Robinson v. State, 240 S.W.3d 919, 922 (Tex.Crim.App. 2007). Both Judge Seiler and Judge Underwood ruled on Bohannan's pro se motion seeking recusal of Judge Seiler, wherein Bohannan asserted his right to self-representation. Neither judge provided Bohannan the admonishments and determination Faretta required they do before denying his request to proceed pro se. Then, the week before trial, Judge Michalk denied Bohannan's motion for a speedy trial wherein he again asserted his right of self-representation; and did so after stating her awareness that Bohannan wanted to have all his attorneys removed. Without providing Bohannan the admonishments and determination Faretta required, she told Bohannan to be quiet and take a seat. Then when Bohannan tried one more time to verbally inform the court of his intention to proceed pro se, Judge Michalkforcefully told him "No. I don't want to hear

- 8 -

anything else you have to say at this point". Supp RR @ 16.

Finally, Bohannan also notified the prosecuting attorney, the district court clerk, and the court's coordinator that he was exercising his right to self-representation in the cause. As servants of the law, representatives of the State, and officers of the court, those individuals had a duty to inform the court of Bohannan's assertion.

Implicit in the Sixth Amendment right to counsel is the right not to be represented by counsel and to proceed pro se. Faretta v. California, 422 U.S. 806, 819-24 (1975). A defendant who chooses to represent himself and waive this right to counsel may do so. Id. In Texas, this right is also protected by the Texas Constitution Art. I §10, and Tex. Code Crim. Proc. art. 1.051(f). When a defendant clearly and unequivocally asserts the right of self-representation, the trial court MUST admonish the defendant of the dangers and disadvantages of self-representation. Ex parte Winton, 837 S.W.2d 134, 135 (Tex.Crim.App. 1992). Here, upon consideration of Bohannan's pro se motions, Judge Seiler, Judge Underwood, and Judge Michalk were each required to bring Bohannan before them and make Bohannan aware of the dangers and disadvantages of self-representation to determine if his waiver of representation was "knowingly and intelligently" asserted. Faretta, 422 U.S. at 835. See also Blankenship v. State, 673 S.W.2d 578 (Tex.Crim.App. 1984). They did not, denying Bohannan his asserted constitutional right. That is a fundamental error requiring reversal.

The appellate court's holding means an imprisoned/jailed defendat/appellant is prevented in Texas from asserting his constitutional right to self-representation, when he desires to do so, because the court is not going to even look at anything he tries to send the court asserting that right, because he is represented by imposed counsel. If that is in fact the current state of Texas jurisprudence, then that impermissibly serves to limit the exercise of that right in Texas. This Court's discretionary review is warranted and necessary to correct that.

- 9 -

## III. APPELLANT WAS IMPERMISSIBLY DENIED HIS RIGHT TO PROCEED PRO SE IN HIS APPEAL.

Both the Waco and El Paso Courts of Appeals have found a right to self-representation on appeal arising from Vernon's Ann. Texas C.C.P. art. 1.051 (f,g). Sickels v. State, 170 S.W.3d 298, 299 (Tex.App. - Waco 2005, pet. ref'd); Marion v. State, 936 S.W.2d 5, 6 (Tex.App. - El Paso 1996, no pet). Bohannan also believes a right to represent himself on appeal arises from Texas Constitution Art. I §10. This Court has itself held that an appellant has the right to represent himself on appeal. Webb v. State, 533 S.W.2d 780 (Tex.Crim.App. 1976); Ex parte Thomas, 906 S.W.2d 22 (Tex.Crim.App. 1995). However, since then, atleast two appellate court have held differently finding that "there is no right for an appellant in a criminal case to represent himself on appeal." Crawford v. State, 136 S.W.3d 417, 418 (Tex.App. - Corpus Christi 2004); Cormier v. State, 85 S.W.3d 496, 498 (Tex.App. - Houston [1st Dist] 2002). Because there is a conflict between the various courts of appeals, and two have held differently than this Court, discretionary review is needed to settle this apparently unsettled issue.

On November 21, 2013, this Court's Clerk sent out a notice, with regard to Bohannan's pro se brief, that "[t]he Court will not consider pro se submissions while a party is represented by counsel." That, in and of itself, indicates an appellant must be able to be "not represented" by counsel on appeal. Here, following the holdings of Sickels and Fewins v. State, 170 S.W.3d 293 (Tex.App. - Waco 2005), Bohannan's imposed appellate counsel filed a motion to withdraw in the trial court to allow Bohannan to proceed on appeal pro se. Supp. CR _____. In that motion, imposed counsel informed the court that Bohannan "has been very zealous in his attempts at self-representation and his assertion of such as a matter of right" and that Bohannan "has expressed the desire to represent himself in this appeal". Id. Nevertheless, the trial court denied Bohannan his right of self-representation, without hearing and without the required admonishments. Supp CR

- 10 -

_____. Though Bohannan timely appealed that denial, Supp CR _____., it appears the trial clerk failed to notify the appellate court of that timely appeal as is required. In re Smith, 270 S.W.3d 783 (Tex.App. - Waco 2008). Nevertheless, Bohannan, in an abundance of caution, mailed the appellate court clerk a copy of that notice of appeal. App. Rec. @ _____. Bohannan also submitted a supplemental briefing to the appellate court addressing that appeal. Id. @ _____. The appellate court's October 29, 2014 Opinion failed to address Bohannan's appeal of the trial court's continued imposition of the counsel it imposed upon him in the appellate process.

IV. THE APPELLATE COURT'S OPINION PERMITTING THE STATE TO PREVENT THE DEFENDANT FROM ADMITTING THE BASIS FOR A MISTAKE OF LAW DEFENSE THROUGH A MOTION IN LIMINE, RENDERS THAT LEGISLATIVELY PROVIDED DEFENSE UNAVAILABLE AND UNPRESENTABLE.

Bohannan was found to have violated a rule created by the secure correctional facility he was being confined in. He was found to have committed that violation after the 9th District Court of Appeals, the Texas Board of Pardons and Paroles, and the TDCJ attorney told him his civil commitment order had been reversed and, therefore, he was no longer under that reversed order. Bohannan relied upon the assertions of those state officials and based his actions on the belief that those assertions were not lies. But, when it came time to exercise the defense the state legislature established for such circumstances, the state, through a motion in limine, had the trial court prohibit Bohannan from informing the jury of the official misrepresentations he had relied upon. The appellate court approved the State's use of a motion in limine to eliminate the mistake of law defense.

The appellate court found that because the trial court did not exclude any testimony by Bohannan, Bohannan did not preserve an issue on the exclusion of evidence. App. Op @ 11. That simply

- 11 -

is not correct because the trial court did exclude testimony by Bohannan. At the conclusion of the State's case-in-chief, much discussion took place as to whether or not Bohannan would be permitted to provide testimony about the foundational element of his Mistake of Law defense, which the State had obtained the court's ban on in its motion in limine. RR Vol 4 pp. 180-81, 195, 196, and 198.

As a general rule, the granting of a motion in limine is a preliminary ruling that preserves nothing for appellate review. See Contreras v. State, 915 S.W.2d 510, 516 (Tex.Crim.App. 1995). A defendant must thereafter make a proffer of the particular evidence he desires to offer, and obtain a ruling on his request to place that evidence before the jury. See Basham v. State, 608 S.W.2d 677, 679 (Tex.Crim.App. 1980). Bohannan, in order to raise his mistake of law defense, was required to show that his reliance upon the appellate court's reversal of his civil commitment, in believing he was no longer subject to the stigmatizing and qualitatively different conditions imposed upon those committed, was reasonable. Tex. Penal Code §8.03(b). The trial court told Bohannan it was having a problem with the "reasonable" part.RR Vol 4 p. 195 ℓℓ 1-17. But then, it told Bohannan he could not provide testimony detailing the basis for his reasonable belief because "it's going to open the door to everything" and "this is going to turn into a free-for-all". Id. p. 196 ℓℓ 11-20. So, because the trial court told Bohannan that his testimony, as to the basis of his defense, would not be allowed, Bohannan informed his imposed counsel that he wanted to atleast be able to make a proffer of that testimony for appellate purposes. Id. p. 198 ℓℓ 12-22. When Bohannan began making that proffer, the trial court cut him off stating:

"So if you want to have your client testify to other things other than what's in the motion in limine, you are more than welcome to."

Id. p. 203 ℓℓ 3-5. The court went on, telling Bohannan he could not talk about:

(1) "a dismissal by the Tarrant County DA's Office";

- 12 -

(2) "any reference to the Board of Pardon's and Parole;"

(3) "any reference to the Ninth Court of Appeals"; and

(4) "the subsequent affirmance" by the Texas Supreme Court.

Id. ℓℓ 11-25. The trial court went on to state that Bohannan "is allowed to testify" - "just under the parameters of the motion in limine". Id. p. 205 ℓℓ 4-8.

The appellate court told Bohannan it had reversed his commitment. Numerous other state officials told him that was true, that he was no longer subject to civil commitment. He relied on the appellate court and those officials. The trial court and State prevented and prohibited Bohannan from informing the jury of that reliance because it would open the door and let them hear everything. Doing so was, at best, an abuse of discretion. It served to deprive Bohannan of his constitutional rights to Due Process and Due Course of Law under the United States and Texas Constitutions, preventing Bohannan from presenting his statutorily-provided defense to the allegations made against him.

V. THE APPELLATE COURT'S OPINION MISCONSTRUED TEXAS HEALTH AND SAFETY CODE §841.081(a) AND MISAPPLIED IT TO BOHANNAN"S CLAIMS.

Because the appellate court misconstrued §841.081(a), and then applied that misconstruction to Bohannan's claims, the Court of Criminal Appeals needs to clarify that statutory interpretation and correctly apply it herein. App. Op @7.

Bohannan timely filed his motion for rehearing with the appellate court; his first opportunity to exercise his right to self-representation in that court (imposed counsel was no longer imposed). See App. Rehearing Motion. In that rehearing motion, Bohannan notified the appellate court of their statutory misconstruction, and addressed the applicability of such to his being confined and held in a secure correctionsl facility, at the time of each of the allegations raised against him. Id. @ 25-30. Because Bohannan was confined and being held in a secure

- 13 -

correctional facility, at the time of each of the alleged violations, and the State produced no evidence that he was not, he can not be guilty of violating a civil commitment rule because those rules had not become effective and were suspended. See Tex. H&S Code §§ 841.081(a), 841.150(a). The appellate court erred in its failure to properly apply §841.081(a) and §841.150(a) to Bohannan's appeal.

VI. THE APPELLATE COURT SHOULD HAVE CONSIDERED THE PRO SE CLAIMS RAISED BY BOHANNAN IN HIS PRO SE BRIEFING WHERE APPELLATE COUNSEL HAD BEEN IMPOSED UPON HIM AGAINST HIS WISHES.

Because Bohannan was denied the opportunity to pursue his appeal pro se, by the trial court's imposition of counsel upon him, and the appellate court's refusal to consider his pro se pleadings while Bohannan was represented by that imposed counsel, the Court of Criminal Appeals should remand this appeal back to the appellate court to address his pro se claims. Those claims include Bohannan's claim that the imposition of attorney fees upon him when he was found to be indigent was improper, App. Pro Se Brief @ 30-31, that the trial court permitted the State to use prior felony convictions to enhance Bohannan's punishment that the jury was required to find in its guilt determination and which were required to subject Bohannan to the criminal punishment (i.e. the commitment) - a double stacking, id. @ 31-35, amongst others.

## CONCLUSION

Bohannan prays this Court reverse the judgment of the 435th District Court and enter a judgment of acquittal. Alternatively, Bohannan respectfully requests that the Court reverse the judgment of the 435th District Court and order a new trial, Alternatively, Bohannan prays the Court remand the appeal back to the appellate court for rehearing therein.

Respectfully submitted,

Michael W. Bohannan #1841746
9601 Spur 591
Amarillo, Texas 79107-9606
806-381-7080

## CERTIFICATE OF MAILING AND SERVICE

I, Michael Bohannan, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that I have delivered a copy of this Petition For Discretionary Review, with its appendix, first-class postage prepaid, to a TDCJ official, for mailing to the following:

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

William Delmore, Asst. Dist. Att'y
207 W. Phillips Street
Conroe, Texas 77301

on this the 22nd day of May , 2015.

_____
Petitioner/Affiant

- 15 -

NO. PD-0347-15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

MICHAEL WAYNE BOHANNAN

v.

THE STATE OF TEXAS

---

From Appeal No. 09-13-00090-CR

Trial Cause No. 12-10-10953-CR

Montgomery County

A P P E N D I X

APPENDIX INDEX Page

Ninth District Court of Appeals
October 29, 2014 Judgment and Memorandum Opinion _____. 1-17

Ninth District Court of Appeals
January 8, 2015 Order Overruling Rehearing _____. 18

Ninth District Court of Appels
February 20, 2015 Order Overruling En Banc Rehearing _____. 19

NINTH DISTRICT COURT OF APPEALS

OCTOBER 29, 2014 JUDGMENT AND MEMORANDUM OPINION

# IN THE NINTH COURT OF APPEALS

## 09-13-00090-CR

Michael Wayne Bohannan
v.
The State of Texas

On Appeal from the
435th District Court of Montgomery County, Texas
Trial Cause No. 12-10-10953 CR

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed. IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that the judgment of the trial court is affirmed.

Opinion of the Court delivered by Justice Leanne Johnson

October 29, 2014

### AFFIRMED

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00090-CR
_____

MICHAEL WAYNE BOHANNAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-10-10953 CR

MEMORANDUM OPINION

Michael Wayne Bohannan, appellant, was indicted for the offense of violating the terms of his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010). For enhancement purposes, the indictment included allegations of three prior felony convictions. *See* Tex. Penal Code Ann. § 12.42(d) (West 2011). Bohannan entered a plea of not guilty. The jury found him guilty as charged, found the enhancement paragraphs of the indictment to be true, and assessed his punishment at imprisonment for life.

1

Bohannan filed a notice of appeal. All of Bohannan's points of error in his appeal relate to the effect of the reversal of the judgment in the civil commitment case on the prosecution of the criminal case.

## Issues on Appeal

Bohannan raises six issues that he phrases as follows:

1. "The Trial Court erred in denying the Motion to Quash and proceeding to trial when the underlying civil judgment had been reversed and remanded by the Court of Appeals and that reversal had been upheld by the Supreme Court."

2. "The Trial Court erred as to the mistake of law defense by denying the Motion to Quash and by granting the State's Motion in Limine."

3. "The Trial Court erred in denying [Bohannan's] Motions for Continuance for the purpose of obtaining business records from the electronic monitoring vendor."

4. "The Trial Court erred in denying [Bohannan's] requests for the appointment of an Electronics Expert, Computer Expert, and Investigator and numerous other pro se motions."

5. "The Trial Court erred in denying [Bohannan] his right to self-representation and his motion regarding double jeopardy."

6. "The Trial Court erred in denying [Bohannan's] habeas request in proceeding to trial after the underlying civil commitment had been overturned. The legality of Appellant's continued incarceration should be reviewed by the Court of Criminal Appeals as a collateral review."

## Underlying Facts

On January 22, 2009, a jury found beyond a reasonable doubt that Bohannan is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062

2

(West 2010). Accordingly, the trial court signed a judgment of civil commitment requiring Bohannan to be subject to outpatient treatment and supervision under the provisions of Chapter 841 of the Health and Safety Code (SVP commitment). *See* Tex. Health & Safety Code Ann. § 841.081 (West 2010). Bohannan was transferred to the supervision of the Council on Sex Offender Treatment, now known as the Office of Violent Sex Offender Management. *See id.*; *see also* Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2014). Under the terms of the SVP commitment order, Bohannon was required to reside in a residential facility, comply with the terms the Council (now OVSOM) and case manager provided to him, and wear a GPS monitor and be subject to monitoring 24 hours a day. Bohannan filed a notice of appeal to this Court, challenging his SVP commitment, arguing among other points that the trial court erred in excluding Bohannan's expert from testifying at the trial.

On July 22, 2010, this Court concluded that the trial court erred in excluding a defense witness and reversed and remanded the SVP case for a new trial. *See In re Commitment of Bohannan*, 379 S.W.3d 293, 300 (Tex. App.—Beaumont 2010), *aff'd*, 388 S.W.3d 296 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746 (2013). The State sought review of this Court's reversal from the Texas Supreme Court. On August 31, 2012, the Texas Supreme Court affirmed on different grounds than in our

3

Opinion and the SVP case was reversed and remanded to the trial court for a new trial. *Bohannan*, 388 S.W.3d at 298, 307. In October of 2012, Bohannan was indicted in Montgomery County, Texas, for the offense of violating the terms of his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085. The indictment alleged that from February 14, 2009 to April 24, 2011, Bohannan committed eight separate acts that violated the terms of his civil commitment. A jury found him guilty as charged in the indictment.

One of the requirements of Bohannan's civil commitment was that he "comply with all written requirements of the Council and case manager[.]" The written supervision requirements instructed Bohannan to further comply with the rules, regulations and policies of the community residential facility where he was allowed to reside. The commitment order required that Bohannan "submit to tracking under a global positioning satellite (GPS) monitor or other monitoring system" and "comply with all written monitor system requirements." The written instructions regarding the GPS tracking service required Bohannan to submit to GPS tracking "twenty-four (24) hours per day, seven (7) days per week." And, they specifically required Bohannan to place his miniature tracking device (MTD) in the base unit installed in his residence, upon his arrival at that residence, and to make no attempt to "prevent the radio frequency electronic monitor, Global

4

Positioning equipment, or any other monitoring system from reporting [his] status to the monitoring computer." When the MTD was charging in the base unit in Bohannan's residence, he was required to stay in close proximity to the MTD, so that his ankle bracelet would remain in electronic contact with the MTD. If Bohannan strayed too far from the MTD, he would cause a "bracelet gone" alert resulting in immediate notification to Bohannan's case manager by the monitoring service. A "bracelet gone" alert was regarded as a violation of the written GPS monitoring requirements. Bohannan was the subject of five "bracelet gone" alerts between February 14, 2009, and March 27, 2009. Most of the alerts were of relatively short duration (one to five minutes), but on March 18, 2009, Bohannan's ankle bracelet was out of range of his MTD for a period of seventeen minutes. At the time, Bohannan admitted that he left the MTD in his room on that date and went to another part of the facility. The indictment for violating the civil commitment order alleged all five "bracelet gone" episodes as violations of the civil commitment order.[1]

On July 22, 2010, this Court issued an opinion reversing the judgment of civil commitment in Bohannan's case. *See Bohannan*, 379 S.W.3d at 293. The State of Texas sought review of the Court's decision by the Supreme Court of

---

[1]All of the "bracelet gone" alerts involved incidents that occurred prior to this Court's July 22, 2010 opinion.

Texas. On March 15, 2011, and March 17, 2011, Bohannan refused to sign and acknowledge written commitment requirements. Bohannan's refusals to accept and sign the written conditions of his commitment were also alleged as violations of the commitment order in the indictment. On April 24, 2011, a halfway-house dispute about access to Bohannan's prescription medication escalated into a disturbance in which Bohannan pounded on a counter, cursed at halfway-house personnel, and refused to return to his room. Police officers initially responded to Bohannan's disturbance and later returned to execute a parole revocation warrant and take Bohannan to jail. The incident of April 24, 2011, was listed in the indictment as the final alleged violation of the commitment order.

The Supreme Court of Texas affirmed the reversal of Bohannan's civil commitment judgment in an opinion issued on August 31, 2012. *See Bohannan*, 388 S.W.3d at 298, 307. No mandate of reversal was issued until January 18, 2013, shortly before the Supreme Court of the United States denied Bohannan's petition for writ of certiorari. *See Bohannan*, 133 S.Ct. at 2746. In a pre-trial hearing conducted shortly before beginning jury selection, the trial court denied Bohannan's motion to quash the indictment and granted the State's request for a motion in limine in the guilt-innocence phase of the trial regarding any reference to the reversal of the SVP commitment order.

## Discussion

In issue one, Bohannan contends the trial court erred in failing to grant Bohannan's pre-trial motion to quash the indictment. The sufficiency of an indictment is a question of law that we review de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). However, a motion to quash the indictment must be filed before the date on which the trial on the merits commences, or the defendant waives and forfeits the right to object to the defect and he may not raise the issue on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). Because Bohannan filed his motion on the first day of trial, he did not preserve error on his complaint that the trial court failed to quash the indictment. *See id.* We overrule issue one.

Although Bohannan does not present his issue as a challenge to the sufficiency of the evidence, we note that unless the person affected by the order of civil commitment is confined by the Texas Department of Criminal Justice or is receiving inpatient care at a state hospital, an order of civil commitment is effective immediately on entry of the order. *See* Tex. Health & Safety Code Ann. § 841.081(a). The civil commitment order was in effect during Bohannan's appeal and the reversal of the civil commitment judgment was not enforceable until the Supreme Court's mandate issued. *See* Tex. R. App. P. 65.2.

7

The State must prove the elements of an offense as they existed on the date the charged offense was committed. *See Ex parte Jimenez*, 361 S.W.3d 679, 683 (Tex. Crim. App. 2012). The indictment alleged that Bohannan violated the civil commitment order on dates when the order was still in effect, and at a time when Bohannan had the status of a sexually violent predator. Bohannan argues *Jimenez* is inapplicable because it concerned the violation of a penal statute. We disagree because, while it was in effect, the judgment in the civil commitment case was not less enforceable because it was a judgment in a civil case. It is well established that a violation of a civil judgment may be punished as criminal contempt even though the order is set aside on appeal. *In re Sheshtawy*, 154 S.W.3d 114, 125 (Tex. 2004) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 294, (1947)). We overrule issue one.

In issue two, Bohannan argues that, by not granting his motion to quash and by granting the State's motion in limine, the trial court disallowed during the guilt phase certain evidence concerning the reversal of the judgment of civil commitment and therefore deprived Bohannan of his mistake-of-law defense on the violations of the SVP order for those violations that occurred on or about March 15, 2011, March 17, 2011, and April 24, 2011. *See* Tex. Penal Code Ann. § 8.03 (West 2011). These three violations occurred after we issued our opinion

8

reversing the SVP order but before the Supreme Court's mandate issued. *See* Tex. R. App. P. 18.1, 65.2.

The issue of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense. *See* Tex. Penal Code Ann. § 2.04(c) (West 2011). Bohannan concedes no evidence was admitted to support his affirmative defense, but he argues the trial court erroneously excluded his testimony about his reliance on our opinion reversing the SVP order.

During the pre-trial hearing, the trial court granted the State's motion in limine, which prohibited mentioning the reversal of the SVP judgment without first taking up the admissibility of the matter with the trial court outside the presence of the jury. Before jury selection began, defense counsel informed the trial court that he intended to discuss the reversal of the SVP judgment in order to raise a mistake-of-law defense. The trial court instructed defense counsel to approach the bench before mentioning the reversal.

After the State rested, the defense asked the trial court to grant a motion in limine prohibiting the State from cross-examining Bohannan about his prior offenses. The trial court informed the State that it would be allowed to mention the fact that Bohannan had two prior convictions that caused him to be civilly committed but would not be allowed to go into the facts. The trial court stated that

9

the State would be allowed to impeach Bohannan regarding convictions that occurred within ten years of the date of the offense for which he was on trial, but the State could not go into the underlying facts unless the door was opened. The trial court stated that it had not decided whether the State could impeach Bohannan with a 1979 perjury conviction.

Outside the jury's presence, Bohannan took the stand to make an offer of proof. Defense counsel asked Bohannan, "So if allowed to testify on the stand, what would you testify to?" Bohannan stated, "Well, my initial testimony would be to the situation with the bracelet gone alarms." Bohannan described some documents he received and a parole hearing that was conducted after the reversal of the civil commitment judgment. The trial court reminded counsel that Bohannan was free to testify but the court was not going to allow Bohannan to engage in a narrative if he had chosen not to testify. Bohannan stated that he chose not to testify because the order prevented him from going into the subjects covered by the State's motion in limine. The trial court stated, "I'm not going to make pre-rulings here and we're talking outside [the] presence of the jury," repeated that Bohannan could testify "under the parameters of this motion in limine[,]" but that if Bohannan "wants to put this in evidence, he's got to take the witness stand." The defense rested without calling Bohannan as a witness. The State never objected to

10

any of Bohannan's testimony; consequently, the trial court neither sustained nor overruled an objection to proffered evidence.

The trial court did not exclude any testimony by Bohannan. In the absence of a tender and exclusion of evidence, Bohannan has not preserved an issue on the exclusion of evidence. *See Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975); *see also Yanez v. State*, 199 S.W.3d 293, 301-03 (Tex. App.—Corpus Christi 2006, pet. ref'd) (the trial court may defer ruling on a pre-trial motion on admissibility of testimony until the witness testifies). Preservation of error requires an offer by the defendant, an objection by the State, and a ruling from the trial court. *See Fuller v. State*, 827 S.W.2d 919, 929 (Tex. Crim. App. 1992) ("Though admittedly he may have been in something of a quandary, with the trial court announcing that it had seemingly decided that certain evidence was not going to be admissible prior to it even being offered, such did not absolve appellant of the responsibility to at least offer the evidence at some point during the trial on the merits if he wanted it presented before the jury. Because appellant never sought to introduce the evidence at trial, the trial court did not ever exclude it therefrom."); *Ites v. State*, 923 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding no error preserved, notwithstanding bill of exceptions, where the proponent did not proffer the evidence, the opponent did not object to the evidence,

11

and the trial court did not rule that it would be excluded); *Giesberg v. State*, 945 S.W.2d 120, 128 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 984 S.W.2d 245 (Tex. Crim. App. 1998) (holding that, although he made a bill of exceptions, the defendant failed to preserve error because the record did not show the nature of the State's objection to the evidence included in the bill). We overrule issue two.

In issue three, Bohannan complains of the denial of the motion for continuance that he filed on the day of trial. The denial of a motion for continuance is within the discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish an abuse of discretion, the defendant must demonstrate specific prejudice arising from counsel's inadequate preparation time. *Heiselbetz v. State*, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995).

Bohannan argues that a continuance was necessary to obtain a complete copy of the GPS records, in addition to previously-produced records that showed only the "bracelet gone" alerts. During the hearing on the motion for continuance, however, defense counsel stated that he received the records that he needed the Friday before the trial. In his brief, Bohannan argues the trial court abused its discretion because defense counsel required additional time to examine and test the equipment used to monitor Bohannan's whereabouts. Four days before the trial started, Bohannan filed a motion for production for expert evaluation of all alarms

12

generated by the GPS equipment and a chronological plotting of the tracking points generated by the electronic monitoring equipment on eleven specific dates. However, defense counsel never suggested that he required additional time to examine and test the GPS monitor in either the written motion for continuance or during his presentation of that motion to the trial court. Additionally, the record fails to demonstrate specific prejudice to counsel's ability to prepare for trial resulting from trying the case the week after counsel received additional records concerning the GPS monitor. *Heiselbetz*, 906 S.W.2d at 511-12. Therefore, we overrule issue three.

In issue four, Bohannan contends the trial court erred in denying numerous motions that Bohannan filed *pro se* while he was being represented by counsel. A defendant has no right to hybrid representation; consequently, the trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also Ex parte Bohannan*, 350 S.W.3d 116, 117 n.1 (Tex. Crim. App. 2011) (disregarding *pro se* motions filed by Bohannan while he was being represented by counsel in a post-conviction habeas proceeding); *In re Bohannan*, No. 09-12-00473-CR, 2012 WL 5519206, at *1 (Tex. App.–Beaumont Nov. 14, 2012, orig. proceeding) (mem. op., not designated for publication) (denying mandamus

13

petition seeking to compel the trial court to rule on a *pro se* motion presented in a pre-trial habeas proceeding in which the trial court appointed counsel); *In re Bohannan*, No. 09-11-00684-CR, 2011 WL 6747468 (Tex. App.–Beaumont Dec. 21, 2011, orig. proceeding) (mem. op., not designated for publication) (denying mandamus petition seeking to compel trial court to rule on *pro se* motions filed in the criminal case while Bohannan was represented by appointed counsel). We overrule issue four.

In issue five, Bohannan claims a violation of his right of self-representation. *See Faretta v. California*, 422 U.S. 806, 834 (1975). The right of self-representation does not attach until it has been clearly and unequivocally asserted. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). A request for, or assertion of, hybrid representation is not an unequivocal request for self-representation. *Saldana v. State*, 287 S.W.3d 43, 54 (Tex. App.—Corpus Christi 2008, pet. ref'd).

Bohannan argues that the absence of an application for appointed counsel in the clerk's record and the numerous *pro se* motions establish that he invoked his right to represent himself. The record includes a letter, dated October 1, 2012, from Bohannan to the trial court. In the letter, Bohannan refers to trial counsel as "my currently appointed counsel" and mentions that at that time counsel "had been

14

appointed for over nine weeks" and stated that Bohannan had been informed of the appointment on July 24, 2012. An attorney request form dated April 27, 2011, and an order appointing counsel are attached as exhibits to a *pro se* motion for new trial. These documents indicate that Bohannan requested or accepted the appointment of counsel and that he relied upon counsel for his defense to the criminal prosecution of the alleged violation of the civil commitment order.

Bohannan accepted representation by counsel, then filed *pro se* motions which he argues invoked his right to represent himself. However, the trial court was not obliged to read Bohannan's *pro se* motions. *See Robinson*, 240 S.W.3d at 922. Additionally, Bohannan did not ask to proceed *pro se* at any time during the pretrial hearing and arraignment. *See Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984) (the right of self-representation must be asserted before the jury is impanelled). Under these circumstances, we conclude the failure to allow Bohannan to proceed *pro se* was not an abuse of the trial court's discretion. We overrule issue five.

In issue six, Bohannan argues that he has been prosecuted illegally for violating a void judgment. He cites no authority in support of his argument. An order of civil commitment is effective immediately on entry of the order. *See* Tex. Health & Safety Code Ann. § 841.081(a). Our reversal of that order was not

15

effective until January 18, 2013, which is after the dates on which Bohannan violated the civil commitment order. *See* Tex. R. App. P. 65.2. Bohannan had the status of a sexually violent predator when he violated the civil commitment order and the subsequent reversal of the judgment did not preclude prosecution for a violation of the order that occurred before the reversal of the trial court's judgment became final and the mandate of reversal issued. *See Jimenez*, 361 S.W.3d at 683; *Sheshtawy*, 154 S.W.3d at 125. Accordingly, we overrule issue six. Having overruled all of Bohannan's issues, we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 1, 2014
Opinion Delivered October 29, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

16

<u>NINTH DISTRICT COURT OF APPEALS</u>


<u>JANUARY 08, 2015 ORDER OVERRULING REHEARING</u>



CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

# Court of Appeals
## State of Texas
## Ninth District

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402   FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASPX

January 08, 2015

Oscar L. Sommers III
414 W. Phillips St., Suite 101
Conroe, TX 77301
* DELIVERED VIA E-MAIL *

William J. Delmore III
Asst. District Attorney
207 W. Phillips, 2nd Floor
Conroe, TX 77301
* DELIVERED VIA E-MAIL *

Michael Wayne Bohannan
#1841746
Clements Unit
9601 Spur 591
Amarillo, TX 79107

**RE:**   Case Number:         09-13-00090-CR
          Trial Court Case      12-10-10953 CR
          Number:

**Style:**  Michael Wayne Bohannan
            v.
            The State of Texas

    The Appellant's Pro Se motion for rehearing in the above styled and numbered cause was overruled this date.

                          Sincerely,

                          CAROL ANNE HARLEY
                          CLERK OF THE COURT

<u>NINTH DISTRICT COURT OF APPEALS</u>


<u>FEBRUARY 20, 2015 ORDER OVERRULING REHEARING EN BANC</u>



CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

# Court of Appeals
## State of Texas
## Ninth District

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402  FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASPX

February 20, 2015

Oscar L. Sommers III
414 W. Phillips St., Suite 101
Conroe, TX 77301
\* DELIVERED VIA E-MAIL \*

William J. Delmore III
Asst. District Attorney
207 W. Phillips, 2nd Floor
Conroe, TX 77301
\* DELIVERED VIA E-MAIL \*

Michael Wayne Bohannan
#1841746
Clements Unit
9601 Spur 591
Amarillo, TX 79107

**RE:** Case Number:          09-13-00090-CR
Trial Court Case          12-10-10953 CR
Number:

**Style:** Michael Wayne Bohannan
v.
The State of Texas

The Appellant's pro se motion for rehearing en banc in the above styled and numbered cause was overruled this date.

Sincerely,

CAROL ANNE HARLEY
CLERK OF THE COURT

TDCJ-Clements Unit
Michael W. Bohannan #1841746
9601 Spur 591
Amarillo, Texas 79107-9606

LEGAL
MAIL

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas
78711-2308

Amarillo, TX 791

LEGAL
MAIL